## KNIGHT v. FISHER.

1. DISMISSAL OF ACTION FOR FAILURE TO FILE COMPLAINT.— Authority to dismiss an action for failure to file the complaint within the time prescribed by the code rests in the sound legal discretion of the court.

2. SAME — TO REQUIRE SECURITY FOR COSTS.— The action of the court upon motion to require security for costs from a plaintiff unable to pay, etc., under the statute is discretionary.

3. Special Verdict.— Where the verdict states the facts fully and definitely in reference to all matters at issue between the parties, it will not be disturbed, even in an action for the recovery of money, on the ground that it does not state the amount of the recovery.

4. Misconduct of Jury — Affidavits of Jurors Generally Inadmissible.— Affidavits relating to improper arguments alleged to have been made use of by jurors among themselves while considering of their verdict are clearly inadmissible.

5. Agreement to Base Verdict Upon Unknown Result, Wrong.— An agreement, in advance, by jurors to arrive at a verdict by each juror marking the amount on paper he is willing to allow, and by adding the said several amounts together and dividing the same by twelve, and that the quotient or result shall be the verdict, is manifestly and essentially wrong; and whenever it is proved by competent evidence that a verdict has been obtained as the result of such an agreement, it should be promptly set aside. *Quære*, whether a verdict thus rendered is a chance verdict such as may be proved by the affidavits of jurors.

6. Responsibilities and Privileges of Jurors.— Jurors are bound upon their oaths and consciences to act intelligently, not blindly. They cannot discharge this responsibility by agreeing that the verdict, or any material part thereof, shall be determined by any process the result of which is unknown to them at the time of the agreement. Each juror must at all times be perfectly free to assent to, or dissent from, every material matter proposed to be incorporated into the verdict. They should take into consideration, and give due weight to, the judgment of their fellows; and they may properly be influenced thereby to change their own opinions. They may, in proper cases, base their verdict upon the average judgment of the whole jury, if such verdict finally commends itself to the judgment and conscience of each juror, and is not against the evidence nor in conflict with the instructions of the court.

*Appeal from District Court of Ouray County.*

Appellee, Fisher, plaintiff below, brought suit in the county court, stating, in his complaint, his demands against the defendant, Knight, in substance as follows:

| | | |
|---|---:|---:|
| For work and labor, 14 mos., at $40 per mo............ | $560 | 00 |
| For money lent, and sundry other demands............ | 223 | 60 |
| Total...................... ............. | $783 | 60 |
| The complaint admits sundry credits, aggregating..... | 573 | 83 |
| Leaving balance in favor of Fisher.................. | $209 | 77 |

For which he claims judgment against Knight.

Knight, by his answer, admits the correctness of the demands and credits as stated in the complaint, except the claim for work and labor. As to that claim, he alleges that Fisher worked for him only twelve months at the agreed price of $25 per month. Thus, by the answer, a balance is shown in favor of Knight, for which he claims judgment against Fisher.

Fisher, in reply, traversed the new matter set forth in the answer. On the trial in the district court, the jury found, "as a matter of fact, that the plaintiff worked for the defendant thirteen months, and that the reasonable value of such services was $36.50 per month."

Taking the facts found by the jury in connection with the matters admitted by the pleadings, and the account stands thus:

Due Fisher for work and labor, 13 mos., at $36.50 per mo. $474 50
And for other demands............................ 223 60

Total ........................................  $698 10
Less credits .....................................   573 83

Balance due Fisher............................  $124 27

Judgment was rendered in favor of plaintiff for $124.25. The defendant brings this appeal.

Messrs. E. I. STIRMAN and KARR & KINCAID, for appellant.

Messrs. STORY & STEVENS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The summons in this case was issued November 29, 1887, and served the next day. The complaint was not filed in the county court until January 3, 1888. On account of this delay, defendant's counsel, on December 21, 1887, moved to dismiss the action. This motion was based upon section 32 of the code, which provides that "the complaint must be filed within ten days after the summons is issued, or the action may be dismissed," etc. The court would undoubt-

edly have been justifiable in dismissing the action for failure to file the complaint within the time prescribed by the code. Upon this point the only case cited by counsel is *Coombs v. Parrish*, 6 Colo. 296. If the motion to dismiss had prevailed, the *Coombs Case* might have some bearing in support of the dismissal; but it certainly does not require the words "may be dismissed" in section 32 of the code to be construed as equivalent to "shall be dismissed." The phrase "may be dismissed" is not the language of a command, nor of a penalty. It indicates rather that the authority of the court to dismiss the action rests in sound legal discretion. It should be accordingly so exercised.

The defendant also moved for a rule for security for costs on the ground that plaintiff was unable to pay costs, and so unsettled as to endanger the officers of the court in respect to their legal demands. That portion of the act of 1885 (Sess. Laws, p. 156) upon which this motion was based is the same as the statute of Illinois, where it has been held that the action of the court thereunder is necessarily discretionary and cannot be assigned for error. It is clear that such discretion should not be overruled by the appellate court unless it has been clearly abused; and no such abuse appears in this record. *Gesford v. Critzer*, 2 Gilman, 698; *Selby v. 'Iutchinson*, 4 Gilman, 319.

It is objected that the verdict of the jury is not in conformity with the requirements of the code, and that it is not sufficient to support the judgment. Section 200 of the code provides: "When a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant, when a counter-claim for the recovery of money is established, exceeding the amount of the plaintiff's claim as established, the jury shall also find the amount of the recovery."

It may be said in answer to this objection that the verdict in this case was not found "for the plaintiff," nor "for the defendant." It was a special verdict which the jury, in their discretion, were authorized to render, under section

199 of the code, leaving to the court, as its legitimate province, the duty of pronouncing the sentence of the law upon the matter contained in the record. We are not disposed to commend the verdict as a model. Nevertheless, the admissions of the answer left nothing in controversy between the parties, except the length of time which Fisher had worked for Knight, and the wages he was to receive per month; and the court so charged the jury. The verdict states the facts fully and definitely in reference to both these matters at issue between the parties. Hence, considering the whole record,— the pleadings, as well as the verdict,— which the court is presumed to do in rendering judgment, the determination of the "amount of the recovery" was a matter of mere mathematical computation. There was no error in the charge of the court, nor in the verdict of the jury, prejudicial to the substantial rights of the parties. The difference between $124.27 and $124.25 cannot be regarded as substantial under the maxim, "*De minimis non curat lex.*" *Burritt v. Gibson*, 3 Cal. 396; *American Co. v. Bradford*, 27 Cal. 360.

The overruling of the motion for a new trial is assigned for error. Among other grounds of the motion was the alleged misconduct of the jury. It was urged that some of the jurors were induced to consent to the verdict, as rendered, by improper arguments advanced by their fellow-jurors, and also that the verdict was the result of a resort to the determination of chance. Affidavits of several jurors, in reference to these charges of misconduct, were introduced upon this motion. The affidavits relating to improper arguments were clearly inadmissible. The courts would have their hands full if they should undertake to guaranty that only proper arguments should be made use of by the jurors among themselves while deliberating upon the matters submitted to their consideration.

The code (section 217) permits the use of affidavits of jurors to prove that one or more jurors "have been induced to assent to any general or special verdict, or to a finding

on any question, or questions, submitted to them by the court, by a resort to the determination of chance."

The affidavits of several jurors bearing upon this subject were introduced. One affidavit states: "Finally, the jury determined to arrive at a verdict by each juror marking the amount on paper they were willing to allow, and by adding the said several amounts together and dividing the same by twelve, and that the quotient, or result, should be the verdict. This was done, and the result was the amount placed and brought in as the verdict in the cause."

Five of the jurors concur in the following affidavit: "That there was quite a disagreement as to the amount per month to be allowed; * * * that, for the purpose of seeing if the said jurors could not arrive at a verdict, they did from time to time put on their respective ballots the amount which they thought the plaintiff entitled per month, but these affiants distinctly say that it was never agreed that any amount so arrived at should be the verdict of the jury, or that the sum total of said amounts should be divided by twelve, and that the result should be adopted as the verdict of the jury; that, on the contrary, the said jurors, from time to time, resorted to different processes to see if they could not arrive at a conclusion, but under none of said attempts to arrive at a conclusion was there any agreement beforehand that the result of any such attempt should be the verdict of the jury; that the last two ballots were taken upon the question as to whether the rate of $36.50 per month should be adopted as the rate to be paid or allowed the plaintiff, and on the last ballot all the jurors voted in the affirmative, and the said rate was then for the first time agreed upon as the verdict of the jury."

The remaining affidavit is silent as to any agreement by which the verdict *should be determined*. From the affidavit first above quoted, counsel for appellant contend that the determination to arrive at a verdict by the method therein stated was *agreed upon in advance* of the marking and casting of the ballots; and that each juror, in consequence of

such agreement, felt himself bound to abide by the result. Such may be the natural, but is not the necessary, inference to be drawn from the affidavit.

We do not hesitate to declare that an *agreement in advance* by jurors to abide the result of such a method of arriving at a verdict is manifestly and essentially wrong; and whenever it is proved by competent evidence that a verdict has been obtained as the result of such an agreement it should be promptly set aside. Such means of determining a controversy would enable jurors to entrap, deceive and defraud each other, and thereby work the grossest injustice upon litigants. Jurors are bound upon their oaths and consciences to act intelligently, not blindly. They cannot discharge this responsibility by agreeing that the verdict, or any material part thereof, shall be determined by any process the result of which is unknown to them at the time of the agreement. Each juror must, at all times, be perfectly free to assent to, or dissent from, every material matter proposed to be incorporated into the verdict.

We are aware that the supreme court of California has decided, under a statute similar to section 217, *supra*, that a verdict rendered in pursuance of an agreement, as above indicated, though " vicious and irregular," is not a chance verdict, within the meaning of their statute, and that the affidavits of the jurors rendering such a verdict cannot be admitted to impeach it. *Turner v. Water Co.* 25 Cal. 399; *Boyce v. Stage Co.* id. 460.

These California cases, if followed, are decisive against receiving the affidavits of the jurors to prove their alleged misconduct. But, as might be expected, there is considerable conflict of authority upon a question so important to the proper administration of justice. Hence, we postpone further consideration of the question until its determination shall be more imperatively required. *Warner v. Robinson*, 1 Root, 194; *Smith v. Cheetham*, 3 Caines, 57; *Crabtree v. State*, 3 Sneed, 302.

Fortunately, in the case at bar, whether we accept or re-

ject the affidavits, the attempt to show misconduct on the part of the jury, as charged, must fail. The affidavits do not prove that there was an agreement among the jurors that the verdict should be determined by chance, or that it should depend upon any unknown result. The preponderance of the evidence is so clearly against such charge that we are inclined to think the juror making the affidavit first above quoted did not intend to convey such inference.

As indicated by the majority of the affidavits, the jury were merely desirous of ascertaining the average judgment of the several jurors as to the monthly wages which should be allowed. We see no objection to the method adopted for procuring such information, so long as each juror felt at perfect liberty to adopt or reject the result, after it became known. Jurors should take into consideration and give due weight to the judgment of their fellows; and they may properly be influenced thereby to change their own opinions. They may, in cases like the one now under consideration, base their verdict upon the average judgment of the whole jury if such verdict finally commends itself to the judgment and conscience of each juror, and is not against the evidence nor in conflict with the instructions of the court.

The evidence as to the length of time Fisher was employed by Knight, and the monthly wages he was entitled to receive, was conflicting; so the verdict cannot properly be disturbed on the ground that it is not sustained by the evidence. It was not error to overrule the motion for a new trial.

This disposes of the various assignments of error, so far as they require consideration. The judgment of the district court is affirmed.

*Affirmed.*