## WARD ET AL. v. WILMS.

1. SECURITY FOR COSTS — DISCRETION OF COURT.— Whether or not a resident plaintiff shall be required to give security for costs is a matter in the sound discretion of the court.

2. GENERAL OBJECTION TO TESTIMONY INSUFFICIENT.— An objection to testimony will not, in general, be considered in a court of review, unless the record shows that the grounds of such objection were fairly presented to the trial court. It is only where the testimony offered is wholly inadmissible for any purpose in the case that a general objection will suffice.

*Appeal from District Court of Washington County.*

THIS was an action by Samantha J. Wilms against Benjamin Ward and his sureties upon his official bond as constable. The complaint charges, in substance, that, by virtue of a certain execution against one F. W. Wilms, the defendant Ward had illegally and forcibly taken possession of a stock of merchandise belonging to plaintiff, and had wrongfully appropriated the same, to her damage, etc.; that said acts were done by Ward under color of his office as constable.

The defense relied on was that the merchandise so seized was in fact the property of F. W. Wilms, the defendant in the execution. The trial resulted in a finding and judgment in favor of plaintiff. The defendants appeal.

Mr. QUITMAN BROWN and Messrs. MARKHAM & DILLON, for appellants.

Messrs. STUART BROS. & ANDREWS, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Whether or not a resident plaintiff shall be required to give security for costs under the act of 1885 (Sess. Laws, 156) is a matter in the sound discretion of the court. See *Knight v. Fisher*, 15 Colo. 176, and cases there cited.

The remaining assignments of error requiring consideration relate to the admission of testimony in behalf of plaintiff. The plaintiff claimed title to the property in controversy through conveyance from her husband, Frederick W. Wilms. She sought to establish her claim by proof to the effect:

That, in 1877, her husband was the owner of a certain hotel property in the state of Nebraska, and, being entirely out of debt, conveyed the same to her as a gift; that in 1886 he repurchased the same from plaintiff, giving her his note for $4,000 therefor, and that he then traded the hotel property for the stock of merchandise, and moved the same to this state; that in 1887, plaintiff being desirous of collecting the note against her husband, and he being unable to pay in money, she took from him a bill of sale of the merchandise in controversy in payment of the note, and that she took immediate and absolute possession of the merchandise thus purchased, and retained open, notorious, exclusive and continued possession and control thereof until the same was seized in execution by the defendant constable, for the debt of her husband.

In support of her claim plaintiff identified and offered in

evidence the $4,000 note, together with certain correspondence between herself and her husband relating to the alleged transaction by which she claimed title to the property. To this offer the defendant's counsel objected. The objection was overruled, an exception was taken, and the ruling is assigned for error. As the note was technically admissible in evidence, we need not consider the question of the admissibility of the letters, for, as the objection was general to the whole offer, it was unavailing. The bill of exceptions does not show that any ground of objection whatever was brought to the attention of the trial court. The language of the bill upon this point as certified to us is, " to which offer counsel for defendant objected." Nothing more. The note and the correspondence were not offered separately, nor was any separate objection interposed. It is always the better and safer practice to state the grounds of objection to the admission of testimony and have the same incorporated into the record by bill of exceptions. The omission so to do often renders the objection nugatory in the appellate court. 1 Thomp. Trials, 693, 696, 843; *Elliott v. Piersol*, 1 Pet. 328; *Moore v. Bank*, 13 Pet. 302.

It is further assigned for error that plaintiff was permitted, against the objection of defendant, to testify to the value of the merchandise in controversy without showing that she was properly qualified as a witness on that point. The assignment is not well taken. The record does not show that the grounds of objection were in any manner suggested at the trial. If they had been, the objection might have been obviated or sustained. This is another pertinent illustration of the rule that an objection to testimony will not, in general, be considered in a court of review, unless the record shows that the grounds of such objection were fairly presented to the trial court. It is only where the testimony is wholly inadmissible for any purpose in the case that a general objection will suffice. *Higgins v. Armstrong*, 9 Colo. 57; *Gilpin v. Gilpin*, 12 Colo. 517, and authorities there cited.

The bill of exceptions does not purport to contain all the evidence. Hence we must presume that plaintiff's title to and possession of the property in controversy were abundantly sustained by the evidence. The finding and judgment of the court must accordingly be affirmed.

*Affirmed.*