## No. 10,249.

### FLEMING *v.* BREITNER, ET AL.

Decided April 2, 1923. Rehearing denied May 7, 1923.

Action to declare void a judgment of a justice of the peace. Judgment of dismissal.

### *Affirmed.*

1. COSTS—*Security for.* Whether or not a resident plaintiff shall be required to give security for costs under the provisions of section 6581, C. L. 1921, is a matter within the sound discretion of the court, whose ruling thereon will not be disturbed on review unless the discretion has been clearly abused.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. RANDALL W. FLEMING, *pro se.*

No appearance for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought in the district court of the City and County of Denver to declare void a judgment of a justice court in an action for forcible entry and detainer, and for damages. There was no personal service on defendants. Some attempt was made to obtain service by publication. No answer was filed. One of the defendants filed a motion to require plaintiff to give a bond for costs. The motion was supported by an affidavit wherein it was alleged that in another action in the district court, some of the issues involved in the instant case were there in-

volved, and were determined against plaintiff, and that plaintiff has no money or property to pay costs. The motion was granted by the court, and, thereafter, the plaintiff failing to furnish security for costs, the court dismissed the action.

The right to demand security for costs is given by section 6581 C. L. 1921, and the same section authorizes the dismissal of the action on plaintiff's failure to give security for costs. In *Ward v. Wilms,* 16 Colo. 86, 27 Pac. 247, it was held that whether or not a resident plaintiff shall be required to give security for costs under this statute, then referred to as the act of 1885 (Session Laws, 156), is a matter in the sound discretion of the court, and in *Knight v. Fisher,* 15 Colo. 176, 25 Pac. 78, it was said that such discretion should not be overruled by the appeliate court unless it has been clearly abused. See also 15 C. J. 217, 220. No abuse of discretion appears in the record, and under the authorities above cited, there was no error in dismissing the action.

The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.