No. 16,002.

FIFER *v.* FIFER.
(206 P. [2d] 336)

Decided May 2, 1949.

·Mr. A. L. BETKE, Mr. GEORGE H. LERG, for plaintiff in error.

Mr. FRANK P. LYNCH, JR., for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

UNDER date of January 24, 1949, the above entitled cause was determined in this court. The judgment of the trial court was affirmed and the wife, defendant in error, was awarded sole ownership of the residence premises occupied by her, the title to which theretofore was held in joint tenancy by her and her former husband (plaintiff in error).

On March 18, 1948, the following order was entered by this court: "Upon consideration of the motion of the defendant in error, it is this day ordered that plaintiff in error be required to post a bond within ten days in the sum of five thousand dollars, the same to be approved by the Clerk of this Court, to cover the full value of the real estate herein involved, for costs of appeal, printing costs and reasonable attorney's fees for services to be performed in the Supreme Court."

On April 8, 1948, by order of this court, the amount of bond conditioned as above set forth, was reduced to $1,000.00 upon application of plaintiff in error. Subsequent to the disposition of the cause upon its merits, defendant in error filed her motion in the district court in which she asked for the entry of an order fixing attorney's fees to be paid by the former husband for services of counsel for defendant in error in conducting proceedings in the Supreme Court. The trial court ordered that $500.00 be paid by the former husband to defendant in error and entered judgment for said sum.

Defendant in error thereafter filed the motion —now considered—with this court seeking an order "requiring the defendant and/or his bondsman to pay a reasonable attorney fee for services performed by Frank P. Lynch, Jr." Plaintiff in error filed his motion to dismiss the said motion for attorney's fees.

The bond in question is in the form prescribed by statute for a cost bond, volume 2, section 10, chapter 43, '35 C.S.A., and reads in part as follows: "Massachusetts Bonding and Insurance Company does hereby enter itself security for costs in this case, and acknowledges

itself bound to pay, or cause to be paid, all costs to the amount of $1000.00 and no more, which may accrue in this action, including attorneys' fees, either to the opposite party or to any of the officers of this court, pursuant to the laws of the State of Colorado. Dated this 16th day of April, A. D. 1948."

This is not a supersedeas bond and is not within Rule 113 (f) of our Rules of Civil Procedure. We find no statutory authority to enter a summary judgment against the surety upon a cost bond. In the absence of such statutory authority, before any judgment could be taken against a surety upon such a bond, an opportunity must be provided said surety to assert any defense which he might have to an action seeking to enforce his liability as surety. Cases determining that a summary judgment may be entered against the surety are almost universally based upon expressed statutory authority, in the absence of which, the surety, not being a party to the litigation, is entitled to his day in court. In *Ramsel v. Miller*, 202 S. W. 1050, the court held, in substance, that, even under a statute authorizing the entry of summary judgment against the surety for the amount of costs, unless the judgment expressly recites the liability of the surety, there is no judgment upon which execution could issue against the surety. The court stated: "The fact that the sureties signed and filed the bond is not of itself sufficient to make them liable." See, also, *Trumbull v. Jefferson County*, 37 Wash. 604, 79 Pac. 1105.

The motion of defendant in error for an order directing the payment of attorney's fees by the surety on the cost bond filed in this cause is accordingly denied.