No. 16,643.

FIFER *v.* MASSACHUSETTS BONDING AND INSURANCE
COMPANY.
(238 P. [2d] 1122)

Decided December 10, 1951.

Mr. FRANK P. LYNCH, JR., for plaintiff in error.

Mr. GEORGE H. LERG, Mr. A. L. BETKE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, Alfreada J. Fifer, hereinafter referred to as plaintiff, filed this action to recover from defendant in error, as surety on a bond directed by us to be posted in this court in a former action between plaintiff and her husband, the principal on the bond.

The pertinent part of the bond is as follows:

"Massachusetts Bonding Company
Home Office, Boston, Massachusetts
T. J. Falvey, President

"In the Supreme Court
of the State of Colorado
No. 16002

| | | |
|---|---|---|
| "John Edward Fifer | ) | |
| Plaintiff in error | ) | |
| | ) | |
| vs | ) | Cost Bond |
| | ) | |
| Alfreada J. Fifer | ) | |
| Defendant in error | ) | |

"Massachusetts Bonding and Insurance Company does hereby enter itself security for costs in this case, and acknowledges itself bound to pay, or cause to be paid, all costs to the amount of One Thousand And No/100 ($1000.00) Dollars, and no more which may accrue in this action, including attorneys fees, either to the opposite party or to any of the officers of this court, pursuant to the laws of the State of Colorado

"Dated this 16th day of April, A. D., 1948.

"Massachusetts Bonding and Insurance
Company

"By John F. Leuders

(John F. Leuders) Attorney-in-Fact"

An attorney fee in the sum of $500 had been fixed by the district court in a special action in the divorce proceeding. Defendant in error, referred to herein as bonding company, filed its answer admitting the execution of the bond, but alleging that the provision in said bond providing for attorney fees for plaintiff is wholly invalid, is surplusage, and does not constitute a valid claim against defendant. On trial, the court found that the attorney fees, as set out in the bond, is surplusage and that defendant bonding company is not liable for attorney fees because they are not costs, and entered its judgment

accordingly. To review this judgment the writ of error herein is prosecuted.

Two phases of the divorce litigation have been before us formerly and the details are not now occasioned. In connection with the property interests of the parties, the plaintiff wife obtained a modification of a decree; to which order and judgment, the defendant husband sued out a writ of error in this court and the judgment was affirmed in the case of *Fifer v. Fifer,* 119 Colo. 230, 202 P. (2d) 945. In the course of that litigation the wife, then defendant in error, moved this court for an order requiring plaintiff in error to post a bond to cover the value of the real estate involved and for costs of appeal and reasonable attorney fees for services to be performed in this court. This motion was opposed, and upon full consideration, this court, on March 18, 1948, directed as follows: "Upon consideration of the motion of the defendant in error, it is this day ordered that plaintiff in error be required to post a bond within ten days in the sum of five thousand dollars, the same to be approved by the Clerk of this Court, to cover the full value of the real estate herein involved, for costs of appeal, printing costs and reasonable attorney's fees for services to be performed in the Supreme Court." On prompt application of then plaintiff in error, the bond was reduced to one thousand dollars, and in compliance with this order the bond hereinabove set out was posted in this court.

After final disposition of the cause, the wife,—then defendant in error and now plaintiff—after obtaining an award of attorney's fees in the district court, filed a motion seeking an order of this court requiring the defendant or his bondsmen to pay a reasonable attorney fee for services. This motion was denied in *Fifer v. Fifer,* 120 Colo. 10, 206 P. (2d) 336, on the general ground that this court could not enter summary judgment against the surety because the surety was not a party to the litigation and it should be afforded an opportunity to assert

a defense to the claim. Thereupon, this action was instituted in the district court against the bonding company.

Defendant in error, bonding company, now contends that the matter of attorney fees as included in the bond is surplusage; that such fees are not a part of a cost bond; that there is no statutory authority for this court to require such a bond; and argument is based squarely on the proposition that this is a statutory cost bond.

No good purpose would be served in a discussion of the questions presented by the argument, or cases cited in belief of a support for the argument. We do not believe it can seriously be contended that, under the broad powers of this court, we could not, in the due course of litigation before us, direct such conditions, even to the posting of a bond for the protection of the rights and interests of a litigant. That we did so in this case is apparent. But whatever name or title the bond may bear, it still remains a bond as prepared by the bonding company with express conditions, one of which was an obligation to pay attorney fees or other costs, not exceeding the face of the bond. The obligation is unmistakable. We are not called upon to say more.

The judgment is reversed and the cause remanded with direction to the lower court to enter judgment against defendant in the amount prayed for in the complaint.