**Dorothy LUTZ, Petitioner,**

v.

**The DISTRICT COURT OF the CITY AND COUNTY OF DENVER and the Honorable Raymond Dean Jones, One of the Judges Thereof, Respondents.**

**No. 85SA380.**

Supreme Court of Colorado,
En Banc.

April 7, 1986.

Goldstein & Armour, P.C., James H. Downey, Denver, for petitioner.

Fuller & Evans, Clyde A. Faatz, Jr., Valerie W. Kenney, Denver, for respondents.

VOLLACK, Justice.

The petitioner, Dorothy Lutz, in this original proceeding under C.A.R. 21 seeks an order directing the district court of the City and County of Denver to grant a motion to amend her complaint. We issued a rule to show cause and now make the rule absolute.

Petitioner is the widow of Julian J. Lutz who died of cancer on January 17, 1984. Petitioner alleges that Mr. Lutz at the time of his death was employed by Sealy Mattress Manufacturing Company, Inc., d/b/a Sealy Mattress Company of Colorado, Inc. (Sealy). As an employee of Sealy, Mr. Lutz was entitled to employee benefits, including group life insurance provided by a policy issued by Northwestern National Life Insurance Company (Northwestern).

Due to his illness in 1983, Sealy placed Mr. Lutz on disability status and required conversion of his group life insurance benefits to individual coverage. Following Mr. Lutz's death, petitioner was denied payment of life insurance death benefits totalling $97,145 because of lack of coverage due to the failure to complete the conversion process and non-payment of premiums. Petitioner then instituted this action against Sealy and Northwestern in Denver District Court, alleging negligence and conspiracy on the part of both defendants, and breach of contract and bad faith as to Northwestern.

Following discovery, petitioner obtained information which affected her claims for relief and revealed claims by two additional plaintiffs, Mr. Lutz's estate and his testamentary trustee. Petitioner learned from Mr. Lutz's immediate superior, who could not be located at the commencement of the action, that Mr. Lutz had continued to provide services to Sealy during his illness. This information indicated that Mr. Lutz may have been entitled to continued group life insurance coverage, supporting a claim against Sealy for breach of an employment contract. Additionally, petitioner acquired information from a Sealy employee handbook which may support such a claim. Discovery also revealed that Sealy administered the life insurance policy and there was minimal involvement by Northwestern regarding the termination of premium payments for the group life insurance coverage.

On September 13, 1985, sixty-five days before trial, which was set November 18, 1985, petitioner moved to amend and supplement the complaint and join additional plaintiffs based on the newly discovered information. An amended and supplemental complaint setting forth additional claims for breach of employment contract and fiduciary duty was tendered at the same time. Sealy then moved to continue the trial based upon the petitioner's motion. On October 3, 1985, the district court denied the motion to amend and supplement the complaint and to join additional plain-

tiffs without a hearing. The only reason given for the denial was the motion was not "timely filed with trial date of November 18, 1985." Sealy's motion to continue was also denied. Subsequently petitioner filed a motion to continue which the district court denied.

Petitioner maintains the district court abused its discretion in denying the motion to amend the complaint and to add additional plaintiffs and forcing her to proceed to trial on the complaint as originally filed. We agree.

 An original proceeding is not a substitute for an appeal. However, where, as here, an adverse procedural ruling has a significant effect on a party's ability to litigate the merits of the controversy, the exercise of our original jurisdiction is appropriate. *Eagle River Mobile Home Park, Ltd. v. District Court,* 647 P.2d 660 (Colo.1982); *Varner v. District Court,* 618 P.2d 1388 (Colo.1980).

The test for allowing amendment of pleadings pursuant to C.R.C.P. 15 is clearly set forth in *Eagle River,* 647 P.2d at 662, and *Varner,* 618 P.2d at 1390. Suffice it to say that leave to amend pleadings shall be freely given when justice so requires.[1] We detect no indication of bad faith or dilatory motives on the part of petitioner, and permitting amendment of her complaint at this point will promote judicial economy by allowing resolution of all her claims in a single proceeding.

As we noted in *Eagle River,* a trial court's desire to preserve a scheduled trial date is not a sufficient justification to deny a motion to amend. 647 P.2d at 664. Inasmuch as the sole reason given for denial of the motion herein was a desire to preserve the original trial date, we conclude the respondent district court abused

its discretion in so ruling. In the absence of a showing of prejudice to the opposing party, this factor alone is not sufficient to warrant a denial of a motion to amend or supplement the complaint.

Accordingly, the rule to show cause is made absolute and the cause is remanded to the district court with directions to grant the petitioner leave to file an amended complaint under C.R.C.P. 15(a) and to join additional plaintiffs pursuant to C.R.C.P. 20.

---

1. While petitioner denominated her motion as one to amend or supplement, supplemental pleadings relate to transactions or events which have happened since the date of the original pleading. C.R.C.P. 15(d). The changes which petitioner seeks do not relate to events which happened after the original complaint was filed, but result from information received during discovery. This case, therefore, concerns amendment pursuant to C.R.C.P. 15(a). The distinction is insignificant here because the exercise of the trial court's discretion in either instance is substantially similar and is governed by the same considerations. *Eagle River,* 647 P.2d at 662, n. 4.