**Jane C. LEWIS and Richard A. Lewis, Plaintiffs–Appellants,**

v.

**Noel P. KEIM, Defendant–Appellee.**

**No. 93CA0731.**

Colorado Court of Appeals, Div. II.

Sept. 22, 1994.

---

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

Robert R. Kayne, Longmont, for plaintiffs-appellants.

Bayer, Carey & McGee, P.C., Terry L. Lutts, Gary L. Palumbo, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiffs, Jane C. and Richard A. Lewis, appeal the order dismissing their action against defendant, Noel P. Keim. We affirm.

Plaintiffs were Colorado residents when they brought this personal injury action. They subsequently moved to California, and on January 11, 1993, defendant, on grounds that plaintiffs were no longer residents of Colorado, sought a cost bond under § 13-16-102, C.R.S. (1987 Repl. Vol. 6A), to cover costs defendant anticipated he would incur.

On February 8, plaintiffs responded to the motion. They admitted that they resided in California, but asserted that they were "both unemployed, have no assets with which to deposit for a cost bond, own no real estate, and have very nominal personal property." Therefore, they asked the court "pursuant to [§ 13-16-103, C.R.S. (1994 Cum.Supp.) (*in forma pauperis* statute) to] permit the Plaintiffs to proceed without giving security for the payment of cost in this suit."

In reply, defendant pointed out that plaintiffs' response was filed beyond the time allowed under C.R.C.P. 121 § 1-15(1) and urged that it should be stricken, and further, defendant noted that the response admitted that plaintiffs were unable to pay the costs of suit, an additional ground for requiring a cost bond under § 13-16-102.

On March 1, plaintiff Richard A. Lewis filed an affidavit stating that both plaintiffs were unemployed, did not own any real estate, and did not "have any assets which we are able to directly access or which have a value sufficient to provide the requested cost bond." Also on March 1, the court ordered that a $2,500 bond be filed within fifteen days.

On March 17, defendant moved to dismiss, as plaintiffs had not filed a bond or otherwise responded to the court's order within the time allowed.

On March 23, plaintiffs filed a "verified motion to reconsider cost bond." Plaintiffs asserted that neither of them were employed and that they had no funds or assets with which to post a cost bond or to move back to Colorado. They requested that the court "reconsider its Order requiring the payment of a $2,500.00 Cost Bond and allow the Plaintiffs to continue without security for costs as provided for in [the *in forma pauperis* statute]." A petition for *in forma pauperis* status was attached to the motion for reconsideration.

On March 25, the court wrote on the motion for reconsideration: "Denied. A cost bond is mandated by the statute." However, the court made no notation on the attached petition to proceed *in forma pauperis*. On the same date the court dismissed the action, "as a result of Plaintiff's failure to post Cost Bond as previously ordered by this Court."

Plaintiffs contend, in essence, that the trial court erred in requiring them to file a cost bond. We disagree.

Section 13-16-101, C.R.S. (1987 Repl.Vol. 6A) provides that in all cases in law and equity, a nonresident plaintiff must give security for "all costs which may accrue in such action either to the opposite party or to any of the officers of such courts." The security must be in writing signed by a responsible person residing in this state.

■ Under § 13-16-101, the court has no discretion, but must require security from a nonresident plaintiff. *In re Marriage of Glickman v. Mesigh*, 200 Colo. 320, 615 P.2d 23 (1980); *see Bank of America National Trust v. Denver Hotel Ass'n*, 830 P.2d 1138 (Colo.App.1992); *In re Marriage of Kronbach*, 757 P.2d 175 (Colo.App.1988).

As relevant, § 13-16-102 provides:
If such action is commenced without filing such instrument of writing, or if at any time after the commencement of any suit by a resident of this state, he shall become nonresident, or if, in any case, the court is satisfied that any plaintiff is unable to pay

the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, it is the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff, on or before the day in such rule named, to give security for the payment of costs in such suit. If such plaintiff neglects or refuses, on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit. . . .

■ Section 13–16–103(1), C.R.S. (1994 Cum.Supp.) provides that, if the trial court determines that a person "is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof," the court may permit that person to commence and prosecute or defend the action without the payment of costs. However, the statute only permits the waiver of costs *chargeable by the court.* The need to pay costs and expenses *to others* is not suspended by § 13–16–103(1). *See Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970); *Garcia v. Estate of Wilkinson,* 800 P.2d 1380 (Colo.App.1990).

■ Here, the trial court did not determine that plaintiffs were poor persons. However, even if the court had so determined and had granted them relief under § 13–16–103(1), security for costs would still be required under § 13–16–102, which also obligates the court to require that security be provided if the court "is satisfied that any plaintiff is unable to pay the costs of suit." Security required under § 13–16–102 may not be excused or deferred under § 13–16–103(1).

And, § 13–16–102 provides that if a plaintiff ordered to provide security "neglects or refuses, on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit."

Therefore, we find no error in the dismissal of plaintiffs' action after they failed to file the required bond.

Plaintiffs also assert that requiring nonresident poor persons to file a cost bond violates the federal and state constitutions. However, since plaintiffs raise this issue for the first time on appeal, we will not consider it. *See In re Marriage of Gavend,* 781 P.2d 161 (Colo.App.1989).

In view of our disposition, we need not address the parties' remaining contentions.

The judgment is affirmed.

CRISWELL, J., concurs.

TURSI,* J., dissents.

Judge TURSI, dissenting.

I respectfully dissent.

The issue here is not whether the trial court erred in granting defendant's motion to set a cost bond, but rather whether it erred in ruling that plaintiffs' complaint had to be dismissed for failure to file such bond, even though the failure to do so was not because of "neglect or refusal," but because of their uncontested inability to post it.

Plaintiffs argue that the trial court erred: (1) in its construction of § 13–16–102, C.R.S. (1987 Repl.Vol. 6A); (2) in its failure to address their plea to prosecute their claim as poor persons pursuant to § 13–16–103(1), C.R.S. (1994 Cum.Supp.); and (3) its *construction* of §§ 13–16–102 and 13–16–103, contrary to the statutory mandated presumptions in § 2–4–201, C.R.S. (1980 Repl.Vol. 1B), such that it rendered those provisions unconstitutional. I believe a proper construction of § 13–16–102 would be dispositive; however, alternatively, I believe also that the second and third arguments have merit.

Ultimately, the issue here becomes a question of law concerning the proper statutory construction of §§ 13–16–102 and 13–16–103(1). *See Stjernholm v. Board of Chiropractic Examiners,* 865 P.2d 853 (Colo.App. 1993). Insofar as plaintiffs do not contend that § 13–16–102 is unconstitutional, but rather that the trial courts construction

---

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1993 Cum.Supp.).

thereof would render it so, the majority's refusal to address that issue begs the question.

In construing statutes, we must presume that the General Assembly intended them to comply with the United States and Colorado constitutions, that the entire statute is intended to be effective, and that a just and reasonable result is intended. *See* § 2–4–201(1)(a), (b), (c), C.R.S. (1980 Repl.Vol. 1B). Further, in construing statutes, we must not only accord the language therein its plain and ordinary meaning, but also must harmonize meanings and interpret the words used in a consistent manner. *See General Electric v. Niemet,* 866 P.2d 1361 (Colo.1994).

Section 13–16–102 reads:

If such action is commenced without filing such instrument of writing, or if at any time after the commencement of any suit by a resident of this state, he shall become nonresident, or if, in any case, the court is satisfied that *any plaintiff* is unable to pay the costs of suit, or that he is so unsettled as to endanger the officers of the court with respect to their legal demands, it is the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff, on or before the day in such rule named, to give security for the payment of costs in such suit. *If such plaintiff neglects or refuses,* on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit (emphasis supplied).

In the same statutory title as the above provisions, § 13–16–103(1), C.R.S. (1987 Repl.Vol. 6A) reads:

If the judge or justice of any court, including the supreme court, is at any time satisfied that *any person* is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit *such person* to commence and prosecute or defend an action or proceeding without the payment of costs; but, in the event such person prosecutes or defends an action or proceeding successfully, there shall be a judgment entered in his favor for the amount of court costs which he would have incurred except for the provision of this section, and this judgment shall be first satisfied out of any money paid into court, and such costs shall be paid to the court before any such judgment is satisfied of record. § 13–16–103(1), C.R.S. (1987 Repl.Vol. 6A).

Colorado cases have consistently held that trial courts have discretion whether to dismiss for failure to file a cost bond pursuant to § 13–16–102 when a resident plaintiff seeks relief therefrom because of inability to do so due to poverty. *See Fleming v. Breitner,* 73 Colo. 250, 215 P. 133 (1923); *Ward v. Wilms,* 16 Colo. 86, 27 P. 247 (1891); *Knight v. Fisher,* 15 Colo. 176, 25 P. 78 (1890). Further, it is important to note that none of the cases cited by the trial court and the majority relate to plaintiffs who sought relief from posting the cost bond because of poverty. Hence, the majority's ruling that security required under § 13–16–102 may not be excused or deferred under § 13–16–103 is without authority.

The use of *any* plaintiff and *such* plaintiff encompasses both present and former residents. Thus, the significance of the emphasized language in §§ 13–16–102 and 13–16–103, *supra,* is that it places a resident plaintiff who later becomes a nonresident in the same category as a resident plaintiff who is unable to pay costs of suit, and, thus, the poor resident who later becomes a nonresident is entitled to the same discretionary consideration as a poor resident.

The majority effectively rewrites both § 13–16–102 and § 13–16–103 by ignoring the General Assembly's use of the word "any" as it quantitatively modifies "plaintiff" and "persons". In *Obert v. Colorado Department of Social Services,* 766 P.2d 1186, 1191 (Colo.1988), citing with approval *Edwards v. McMahon,* 834 F.2d 796 (9th Cir.1987), the court held that "any" means without restriction or limitation. *See also* Webster's Third New International Dictionary 97.

In construing § 13–16–102, the majority ignores the import of combining under the same umbrella residents who became nonresidents after filing suit with *any* plaintiff, i.e. residents, who are unable to pay costs. Had

the General Assembly intended to limit the application of the rule to residents, it would have said so. Though both the former resident plaintiff and the resident plaintiff who cannot pay costs may be ordered in the first instance to file a cost bond, subject to dismissal, if "such plaintiff" neglects or refuses to do so, there is no authority holding that inability to do an act equates to either neglect or refusal. *See* Webster's Third New International Dictionary, 1513 and 1910. Again, if the General Assembly had intended that failure to file a cost bond, mandated dismissal, it would not have conditioned dismissal on a factual predicate of "neglect or refuse."

Finally, if we are to accept the majority's draconian construction of § 13–16–102, the plaintiffs, because of poverty, are left with no viable alternative method to pursue their claim and are denied equal access to the courts, equality of justice and due process. *See* Colo. Const. art. II, § 6; *see also Kinsey v. Preeson*, 746 P.2d 542 (Colo.1987); *Schaffer v. District Court*, 719 P.2d 1088 (Colo. 1986); *Cook v. District Court*, 670 P.2d 758 (Colo.1983).

In summary, then, I construe the relevant statutes initially to provide that the court shall require security for costs on proper motion by the defendant, but if *any* person, be that person a plaintiff who is a resident or former resident raises a plea of inability to post bond because of poverty, prior to dismissal the court must hold a due process hearing to determine whether the failure was in fact due to inability rather than "neglect or refusal," using the customary guidelines applied generally in the construction of § 13–16–103.

Further, I would recommend that, in setting a cost bond, the trial court consider whether there is a fair likelihood that defendant will prevail and whether the cost request is of the nature likely to be awarded in the event of a defense verdict. *Cf. Gaffier v. St. Johns Hospital*, 68 Mich.App. 474, 243 N.W.2d 20 (1976), *see also Fifer v. Fifer*, 120 Colo. 10, 206 P.2d 336 (1949).

Hence, I would vacate the judgment of dismissal and remand to the trial court to conduct a hearing on plaintiffs' request to be relieved of the obligation to file a cost bond. If the trial court determines that the failure to file the cost bond was in fact because of neglect or refusal, it should then order that the judgment of dismissal be reentered. However, if the court determines that the failure to post the bond was because of inability to do so, it should vacate the order that the cost bond be posted and reinstate the complaint.