Brenda WALCOTT and Dean
Walcott, Petitioners,

v.

DISTRICT COURT, SECOND JUDICIAL
DISTRICT, Colorado, and the Honorable
Paul A. Markson, District Court Judge,
Respondent.

No. 96SA105.

Supreme Court of Colorado,
En Banc.

Sept. 23, 1996.

Deisch, Marion & Breslau, P.C., Michael B. Marion and Michael R. Smith, Denver, for Petitioners.

Burg & Eldredge, P.C., David P. Hersh, Peter W. Burg and Rosemary Orsini, Denver, for Defendant Total Petroleum.

Justice SCOTT delivered the Opinion of the Court.

We issued a rule pursuant to C.A.R. 21 [1] directing the District Court for the City and County of Denver (district court) to show cause why it did not err when it ruled that it lacked authority to permit Brenda Walcott, a non-resident indigent plaintiff, to prosecute her personal injury claim against defendant, Total Petroleum, Inc., without posting a cost bond for security. Because we conclude that the controlling statutes, §§ 13–16–101 to – 103, 6A C.R.S. (1987), do not mandate dismissal where a non-resident plaintiff is financially unable to post a cost bond,[2] we make the rule absolute.

## I

We glean the following facts from the pleadings filed in response to our rule to show cause.[3] On June 20, 1994, Total Petroleum, Inc. (Total Petroleum) sold gasoline to Alvin Taylor in a non-approved container in violation of section 8–20–231, 3B C.R.S. (1986), National Fire Code 9–2, and City and County of Denver Ordinances 207 and 960. Taylor then doused Brenda Walcott with the gasoline and set her on fire.[4]

Walcott suffered severe, life threatening burns and injuries to eighty-eight percent of her body. As a result, she has been receiving extensive medical care at a burn hospital outside Colorado for the past twenty-one months. Her medical bills total more than $1,000,000. At the time of the incident, Walcott was a resident of Colorado. However, due to her continuing medical treatment outside Colorado, she is no longer a Colorado resident. Prior to the incident, Walcott had no intention of leaving Colorado, and would not have left but for the extensive medical treatment required by the injuries she sustained.

Walcott and her husband, Dean Walcott, filed a civil action naming Total Petroleum as a defendant, seeking damages related to Walcott's injuries. On December 8, 1995, the Walcotts filed a motion to proceed without payment of costs and without filing a cost bond. In response, Total Petroleum filed a motion asking the district court to require the Walcotts to post a cost bond, which the Walcotts opposed.

On January 16, 1996, the district court issued its order denying the Walcotts' motion, granting Total Petroleum's motion, and

1. Pursuant to C.A.R. 21, one may seek relief from an order entered by a respondent court through the original jurisdiction of the supreme court. *Colorado State Bd. of Medical Examiners v. Colorado Court of Appeals*, 920 P.2d 807, 813–14 (Colo.1996).

2. The petitioners challenged the district court's ruling on statutory as well as constitutional grounds. Because our disposition of this matter is based on applicable statutes, we need not and do not reach petitioners' claims under the Colorado and federal constitutions.

3. While some of the facts are in dispute, for purposes of this proceeding only, we assume the facts as set forth by petitioners.

4. Taylor was charged and convicted of criminal conduct related to the incident, including criminal attempt to commit murder in the first degree after deliberation, § 18–2–101, 8B C.R.S. (1996 Supp.), and first degree arson, § 18–4–101, 8B C.R.S. (1986). Currently, Taylor is in the custody of the Department of Corrections serving a forty-nine year sentence.

ordering Brenda Walcott to file a cost bond in the amount of $20,000. Relying upon sections 13–16–101 and 13–16–102, the district court concluded that the Walcotts could not proceed to litigate their claims as plaintiffs until Brenda Walcott submitted a cost bond as security for potential costs.[5] The district court ruled, "[t]here is no authority for Plaintiff's proposition that the costs contemplated by C.R.S. § 13–16–102 are to be waived in the same way as the costs contemplated by C.R.S. § 13–16–103." On February 28, 1996, the court denied plaintiff's motion to reconsider.

## II

■ Before addressing the substantive issues in the instant action, we must first address Total Petroleum's jurisdictional challenge.[6] Total Petroleum contends that the district court's denial of Walcott's motion to proceed without filing a cost bond is not an appropriate case for relief under C.A.R. 21. Instead, Total Petroleum argues that Walcott's claim of error would be more properly presented on appeal. We are not persuaded.

■ As delegated by Article VI of our constitution, this court has jurisdiction to issue original and remedial writs as may be provided by rule. Colo. Const., art. VI, § 3. The exercise of our original jurisdiction under C.A.R. 21 is within the sound discretion of this court. *People v. District Court of El Paso County*, 790 P.2d 332, 334–35 (Colo. 1990).

When "an adverse procedural ruling has a significant effect on a party's ability to litigate the merits of the controversy, the exercise of our original jurisdiction is appropriate." *Lutz v. District Court*, 716 P.2d 129, 131 (Colo.1986). Here, the district court's denial of Walcott's motion to proceed without

filing a cost bond under the threat of dismissal has an obvious impact on Walcott's ability to litigate her claims. The effect of the district court's order is to preclude Walcott from litigating her personal injury claim. Because of the impact of the district court's ruling, we conclude that our exercise of C.A.R. 21 jurisdiction is proper to review the district court's ruling denying the Walcotts' request to proceed without filing a cost bond.

We now turn to the statutory provisions that the district court relied upon and which control our deliberations.

## III

■ It is a well settled principle of statutory construction that our primary objective is to ascertain and give effect to the purposes for which the General Assembly enacted a particular provision. *Bertrand v. Board of County Comm'rs*, 872 P.2d 223, 228 (Colo. 1994); *Jones v. Cox*, 828 P.2d 218, 221 (Colo. 1992); *Van Waters & Rogers, Inc. v. Keelan*, 840 P.2d 1070, 1076 (Colo.1992). In determining the intent of the General Assembly, we must first consider the plain language of the statute. "Words and phrases utilized in a statute should be given effect according to their plain and ordinary meaning because we presume the General Assembly meant what it said." *Allstate Ins. Co. v. Smith*, 902 P.2d 1386, 1387 (Colo.1995). If the statute's terms are clear and unambiguous, there exists no need to consult other interpretive rules of statutory construction. *Jones*, 828 P.2d at 221; *Van Waters*, 840 P.2d at 1076; *see* § 2–4–201, 1B C.R.S. (1980).[7]

Sections 13–16–101 to –103, 6A C.R.S. (1980), state in relevant part:

**13–16–101. Security for costs.** ... [I]n all cases ... where the plaintiff ... is not a resident of this state, the person or

---

5. Because his wife was indigent and unable to post a cost bond, Dean Walcott submitted a bond obligating him to pay all costs associated with the proceedings. While the district court did not accept his bond, the propriety of the court's refusal is not before us and we express no opinion as to that matter.

6. Total Petroleum is not a party to this proceeding, but has filed a brief on behalf of the district court.

7. Section 2–4–201(1), 1B C.R.S. (1980), states:

In enacting a statute, it is presumed that:
(a) Compliance with the constitutions of the state of Colorado and the United States is intended;
(b) The entire statute is intended to be effective;
(c) A just and reasonable result is intended....

plaintiff for whose use the action is to be commenced, before he institutes such suit, shall file or cause to be filed with the clerk of the court in which the action is to be commenced an instrument in writing, of some responsible person, being a resident of this state, to be approved by the clerk, whereby such person shall acknowledge himself bound to pay, or cause to be paid, all costs which may accrue in such action either to the opposite party or to any of the officers of such courts....

**13–16–102. Motion to require cost bond.** If such action is commenced without filing such instrument of writing, or if at any time after the commencement of any suit by a resident of this state, he shall become nonresident, or if, in any case, the court is satisfied that *any plaintiff* is unable to pay the costs of suit ... it is the duty of the court, on motion of the defendant or any officer of the court, to rule the plaintiff, on or before the day in such rule named, to give security for the payment of costs in such suit. If such plaintiff *neglects or refuses,* on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit.

**13–16–103. Costs of poor person.** If the judge or justice of any court, including the supreme court, is at any time satisfied that *any person* is unable to prosecute or defend any civil action or special proceeding because he is a poor person and unable to pay the costs and expenses thereof, the judge or justice, in his discretion, may permit such person to commence and prosecute or defend an action or proceeding without the payment of costs....

(Emphasis added.)

In reliance upon its reading of these statutes, the district court held that sections 13–16–101 and 13–16–102 require non-resident plaintiffs to pay a cost bond in order to prosecute their claims in court. Citing *Lewis v. Keim,* 883 P.2d 610, 612 (Colo.App.1994), the district court ruled that it lacked the authority to waive the requirements of C.R.S. § 13–16–101 due to plaintiff's indigent status. We disagree.

■ First, section 13–16–102, which mandates dismissal of certain suits in which plaintiffs have not filed cost bonds, does not apply to Brenda Walcott. Section 13–16–102 requires a trial court to dismiss, upon a motion by the opposing party, if the plaintiff *neglects* or *refuses* to file a cost bond. In the instant case, Walcott did not neglect or refuse to file a cost bond; she simply was unable to do so. Walcott could not procure a cost bond because no underwriter would issue her a bond due to her indigent status. Inability to obtain a cost bond does not equate to the neglect or refusal to pay such a bond. *Lewis,* 883 P.2d at 614 (Tursi, J., dissenting). If the General Assembly intended that failure to file a cost bond, regardless of the reason, would mandate dismissal, it would not have predicated dismissal specifically on whether a "plaintiff neglects or refuses." *Id.; see also Lunsford v. Western States Life Ins.,* 908 P.2d 79, 84 (Colo.1995) ("[W]hen the legislature speaks with exactitude, we must construe the statute to mean that the inclusion or specification of a particular set of conditions necessarily excludes others."); *People ex rel. Colorado Tax Comm'n v. Pitcher,* 56 Colo. 343, 413, 138 P. 509, 532 (1914) ("That the inclusion of one or more methods is the exclusion of others unless there is positive language to the contrary, has been recognized from time immemorial as an elementary rule of statutory construction...."). As such, section 13–16–102 is not applicable to Walcott and, therefore, should not be relied upon to prevent her suit.

■ Next, while it is true that section 13–16–101 mandates the filing of cost bonds for non-resident plaintiffs for "whose use the action is to be commenced," we have recently suggested that that requirement may be waived when the statute is read in conjunction with section 13–16–103. *Bell v. Simpson,* 918 P.2d 1123, 1127 (Colo.1996).

In *Bell,* we held that C.R.C.P. 411(a) "authorizes a plaintiff determined to be indigent to appeal an adverse county court judgment to the appropriate district court without filing an appeal bond for costs." *Id.* at 1129. In so doing, we indicated that such construction of C.R.C.P. 411(a) was consistent with the intent of the General Assembly in adopt-

ing section 13–16–103 that indigent litigants are permitted to "prosecute or defend civil actions without payment of costs." *Id.* at 1127. Section 13–16–103 provides that if a judge "is at any time satisfied that *any person* is unable to prosecute ... any civil action ... because he is a poor person and unable to pay the costs and expenses thereof, the judge ... may permit such person to commence and prosecute ... an action or proceeding without the payment of costs...." (Emphasis added.) Moreover, the plain language of section 103 does not restrict its scope to Colorado residents. It is clear that the General Assembly intended section 103 to have a wider application than section 101 because section 103 refers to "any person" and does not employ the resident/non-resident distinction used in section 101. The General Assembly did not intend to restrict a court's ability to grant a waiver of costs to residents only. Otherwise, the plain language of section 103 would so direct. Thus, the district court erred when it ruled that it lacked the authority to utilize the section 103 waiver for Walcott because she is not a resident of Colorado.

Total Petroleum cites *Lewis v. Keim,* 883 P.2d 610 (Colo.App.1994), in which the court of appeals held that "[s]ecurity required under § 13–16–102 may not be excused or deferred under § 13–16–103(1)." *Id.* at 612. *Lewis* involved plaintiffs who were Colorado residents at the time they filed a personal injury suit in Colorado. During the course of litigation, the plaintiffs became California residents. Despite the plaintiffs' claim of *in forma pauperis* status, the court of appeals found no error in the district court's dismissal of plaintiffs' action due to a failure to file a non-resident cost bond. Because that holding is inconsistent with our construction of those very statutes, we disapprove of the court of appeals' judgment in *Lewis.*

Section 13–16–103 expressly provides that if a judge is satisfied that a litigant is unable to pay the costs and expenses of a civil action, the judge may grant a petition to prosecute or defend an action without payment of costs. *Cook v. District Court,* 670 P.2d 758, 760 (Colo.1983); *Almarez v. Carpenter,* 173 Colo. 284, 288, 477 P.2d 792, 794 (Colo.1970). No distinction is drawn in section 13–16–103 between residents and non-residents in the application of the waiver of costs. Both residents and non-residents alike are eligible for the waiver if they can prove they are poor persons who are unable to pay costs and expenses.

In support of its order, the district court cited *Almarez.* In *Almarez,* we decided that under a statute similar to section 103,[8] a judge was not authorized to grant a waiver of fees or compensation to which a court reporter is entitled for the preparation of a trial transcript. There, we concluded a "pauper" has no statutory right to a trial transcript without costs in order to prosecute an appeal. However, *Almarez* can be distinguished on its facts. In *Almarez,* the costs associated with that case involved the cost of a court reporter's service in preparing a transcript for purposes of an appeal of a trial court judgment in a civil case. While the appellant in *Almarez* arguably could obtain review on appeal without a transcript, *id.* at 292, 477 P.2d at 796, Brenda Walcott's failure to post a cost bond under the district court's order at issue here would result in dismissal and immediate termination of her civil action. Effectively, the district court concluded that Walcott's penury and subsequent inability to post a cost bond would proscribe any waiver—a result which our statutes, in fact, do not require.

### IV

In sum, we conclude that section 13–16–102 obligates a court to dismiss a claim only when a plaintiff "neglects or refuses" to file a cost bond. In addition, we hold that section 13–16–103 provides judges with the authority to waive cost requirements under sections 13–16–101 and 13–16–102 and,

---

8. The statute in effect at the time *Almarez* was decided, § 33–1–3, C.R.S. (1963), is substantially similar to § 13–16–103(1).

therefore, provides sufficient authority to permit a plaintiff to proceed when the plaintiff is "a poor person and unable to pay costs and expenses." Dismissal of a plaintiff's claims, therefore, may not be based solely on inability to pay costs or indigency. Accordingly, we make the rule absolute.