Brent SCHNEIDER, Petitioner,

v.

INDUSTRIAL COMMISSION OF the STATE OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Colorado Division of Employment, Respondents.

No. 80CA0394.

Colorado Court of Appeals, Div. II.

Jan. 29, 1981.

Michael J. Steiner, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., David L. Lavinder, Asst. Atty. Gen., Denver, for respondents.

BERMAN Judge.

In this unemployment compensation case, claimant seeks review of an Industrial Commission order which denied him leave to file out of time a petition for administrative review of an adverse Commission decision. We affirm.

Claimant was employed by Grantree Furniture Rentals from January 21, 1978, until his discharge on July 2, 1979. Thereafter, he applied for weekly unemployment compensation benefits which he received beginning the week of July 28, 1979, and continuing through the week of September 29, 1979.

Grantree, meanwhile, contested the award. After a series of administrative

hearings, the referee, on October 26, 1979, ruled that "claimant was basically responsible for his separation," that claimant was therefore disqualified from the receipt of benefits for a period of 12 weeks, and that his maximum benefits payable were reduced accordingly.

Claimant did not petition for review of this decision within the 15-day period prescribed in § 8–74–106(1)(b), C.R.S. 1973 (1979 Cum.Supp.). On November 14, 1979, the Commission sent claimant notice of overpayment of benefits. The notice stated that since the referee's decision had disqualified claimant, he stood overpaid to the extent of $1,140, and would have to reimburse that amount.

On November 28, 1979, claimant petitioned for review of the referee's decision. A hearing was held to determine whether claimant had good cause to file his petition beyond the statutorily prescribed 15-day period. As a result of that hearing, the referee ruled that claimant had shown good cause and, therefore, that claimant's late filing would be accepted.

Grantree contested the referee's ruling. The Commission, concluding that claimant had not shown good cause, reversed the ruling and disallowed claimant's petition.

On this review, claimant contends first that the Industrial Commission failed to adopt standards for determining good cause for an untimely filing of a petition for review, and that such failure violated claimant's right to a fair hearing. However, on July 30, 1979, the Industrial Commission adopted a "Regulation for the Determination of Good Cause," which provides in pertinent part:

> In determining whether good cause has been shown for the accepting or permitting an untimely action, the Division and the Industrial Commission shall consider all relevant factors including but not limited to whether the party acted in the manner that a reasonably prudent individual would have acted under the same or similar circumstances, whether the party received timely notice of the need to act, whether there was administrative error by the Division, whether there were factors outside the control of the party which prevented a timely action, the efforts made by the party to seek an extension of time by promptly notifying the Division, the party's physical inability to take timely action, the length of time the action was untimely, and whether any other interested party has been prejudiced by the untimely action.

Industrial Commission Regulation 3.1, 7 Code Colo.Reg. 1101–2 at 34 (Superseded ed.) (this provision is now Industrial Commission Regulation 12.1.14, 7 Code Colo.Reg. 1101–2 at 40).

That regulation became effective on August 20, 1979. See Industrial Commission Regulation 4.1, 7 Code Colo.Reg. 1101–2 at 34 (Superseded ed.); § 24–4–103(5), C.R.S. 1973 (1979 Cum.Supp.). Thus, because in the instant case the hearing relating to good cause was held on December 18, 1979, claimant's first contention is without merit.

Claimant also urges that, under the Commission's regulation, he did in fact have good cause for his untimely filing. He insists that his delay was justified by virtue of the Commission's failure to advise him until after the 15-day period had run that, as a consequence of the referee's adverse decision, he would be required to refund benefits already received. Claimant further argues that the Commission failed to make adequate findings with respect to the factors contained in the regulation's substantive guidelines. It is claimed, for example, that the Commission made no finding on the reasonableness of the length of time claimant's appeal was untimely, nor was there any finding respecting prejudice vel non to the employer.

■ We agree that the Commission's findings are not a model of thoroughness. And, the Commission is, of course, to be encouraged to make explicit the bases that underlie its conclusions. In the instant case, however, the findings are not so deficient as to mandate a holding that the

Commission acted improperly in ruling that claimant failed to establish good cause.

Here, the Commission explicitly stated that it had reviewed claimant's entire file. Nothing before us suggests that the Commission failed to accord due weight to anything therein contained. The Commission concluded in part:

"The responsibility for appealing in a case lies with the party aggrieved who, in the eyes of the law, is presumed to know the consequences of a decision before him. Any doubt can be resolved by an inquiry with the Division of Employment and Training or by consulting an attorney. Claimant's determination in this case [not] to appeal because it [would be] useless [to attempt] to get the referee reversed is inadequate [to establish] good cause."

An administrative agency's interpretation of its own regulations is generally entitled to great weight; consequently, it will not be disturbed on review unless plainly erroneous or inconsistent with such regulations. *See, e. g., Van Pelt v. State Board for Community Colleges & Occupational Education*, 195 Colo. 316, 577 P.2d 765 (1978). The Commission's interpretive conclusions here are neither plainly erroneous nor inconsistent with the pertinent regulations. Accordingly, we decline to disturb those conclusions.

Order affirmed.

PIERCE and SMITH, JJ., concur.