John J. RUSSO, Plaintiff–Appellant,

v.

Guy BIRRENKOTT and The State of Colorado, Defendants–Appellees.

No. 87CA0760.

Colorado Court of Appeals, Div. II.

Dec. 29, 1988.

Rehearing Denied Feb. 2, 1989.

Berkowitz, Berkowitz & Brady, William J. Brady, Richard J. Gleason, Denver, for plaintiff-appellant.

No appearance for defendant-appellee Guy Birrenkott.

Hall & Evans, David R. Brougham, Alan Epstein, Denver, for defendant-appellee State.

SMITH, Judge.

Plaintiff, John J. Russo, appeals from the judgment entered on a jury verdict in favor of defendants on his claims of negligence, negligence per se, and premises liability. We reverse as to Birrenkott and affirm as to the State of Colorado.

Plaintiff suffered an injury to his left shoulder at Chatfield State Recreation Area. He was tripped by a towrope attached to a parasailist who was blown sideways by a gust of wind. Parasailing is a sport in which the participant, standing on a beach, is strapped into the harness of a parachute, which in turn is connected by a long tow rope to a motor boat. As the boat accelerates away from the beach the parachute lifts the parasailist high in the air where he or she continues to float as long as the boat continues to move. As the boat slows down and eventually stops, he or she is gently lowered by the parachute back to the ground.

Here, the parasailist had not taken off at the time of the accident, but was standing on land getting ready for take off. The boat to which the parasailist's line was attached was owned and operated by defendant Guy Birrenkott.

Plaintiff brought suit against Birrenkott and against the State of Colorado, as operator of Chatfield. After a five-day trial, the jury returned verdicts in favor of both defendants.

I.

Plaintiff first contends that the trial court erred in refusing to instruct the jury with regard to breach of an assumed duty by the State, based on Department of Natural Resources Regulation No. 100(b)(14), currently found at 2 Code Colo.Reg. 405-1 No. 100(b)(14) (regulation). Plaintiff also contends that the trial court erred in re-

fusing to permit introduction of this regulation into evidence. We disagree.

The regulation provides:

"It shall be prohibited:

To land or take off with any type of aircraft on any lands and waters under the control of the Division of Parks and Outdoor Recreation, except on designated take-off or landing sites or in case of emergency. 'Aircraft' means a device that is used or intended to be used for manned flight in the air, including powerless flight."

Plaintiff contends that by adopting this regulation, the Colorado Department of Natural Resources, Division of Parks and Outdoor Recreation, assumed a duty to protect him from the dangers of parasailing at Chatfield by either prohibiting parasailing activities in the area where he was injured or by posting that area as an aircraft take-off and landing zone. We disagree with this contention.

An administrative agency's interpretation of its own regulations is generally entitled to great weight, and such an interpretation will not be disturbed on review unless plainly erroneous or inconsistent with the plain language of the regulations. *Schneider v. Industrial Commission*, 624 P.2d 371 (Colo.App.1981).

Here, there was uncontroverted testimony that the Division of Parks and Outdoor Recreation considered parasailing to be a water skiing activity, and that parasailing has been permitted at Chatfield since the reservoir opened for boating in 1979. Further, plaintiff's accident occurred at the area designated for parasailing at Chatfield. Thus, the uncontroverted testimony showed that the Department of Natural Resources does not interpret and never has interpreted the regulation as prohibiting parasailing at Chatfield.

We agree with the interpretation made by both the Division of Parks and Outdoor Regulation and the Department of Natural Resources. Inasmuch as a parasail retains, through its tow rope, a link with a surface vehicle, it is not an "aircraft" as that term is defined in the regulation. Moreover, even if it were, the regulation would not apply to the facts of this case. The evidence is undisputed that the accident occurred within an area designated as a take-off and landing site in an area designated for parasailing. Thus, there was no error in refusing to admit the regulation or an instruction on an assumed duty.

## II.

Plaintiff also contends, based on the foregoing regulation, that the trial court erred in failing to instruct the jury on negligence per se against defendant Birrenkott. For the reasons stated above, we disagree that this was error.

## III.

■ Plaintiff next contends, based on § 33–13–110(1)(a), C.R.S. (1984 Repl.Vol. 14), that the trial court erred in failing to instruct the jury on negligence per se against defendant Birrenkott. We agree.

That statute provides:

"No person shall operate or manipulate any vessel, towrope, or other device by which the direction, speed, or location of water skis, an aquaplane, a surfboard, an innertube, or any similar device may be affected or controlled in such a way as to cause such device or any person thereon to collide with or strike against any object or person."

We hold that this statute was enacted to protect that class of persons of which plaintiff is a member from the type of injury suffered here. Thus, a violation of the duty imposed by the statute which results in injury may indeed provide the basis for recovery on the theory of negligence per se.

If there is conflicting evidence as to whether the statute was violated, the question is properly submitted to the trier of fact. *Converse v. Zinke*, 635 P.2d 882 (Colo.1981).

Here, the specific question was whether the defendant Birrenkott caused the tow-rope to be pulled taut at the time of the accident. There was evidence that the tow-rope's movement toward the plaintiff was caused by a gust of wind that caught the parasail. However, other testimony indi-.cated that, immediately prior to the accident, the boat was moving at a slow speed in order to extend the rope by taking out its slack. In addition, Birrenkott testified that, prior to the accident, he was stretching out the rope to prepare for the next launch.

Thus, we conclude that the trial court erred in refusing to give an instruction based on § 33–13–110(1)(a), C.R.S. (1984 Repl.Vol. 14). Therefore, the judgment in favor of Birrenkott must be reversed and the cause remanded for a new trial against that defendant.

### IV.

■ Among the allegations of error which may arise again on retrial is plaintiff's contention that the trial court erred in giving an instruction based on *CJI–Civ.2d 12:2* (1980), regarding hazardous conditions at a public recreational facility and plaintiff's duty of care in that regard. We disagree with plaintiff's contention.

If a jury instruction fairly presents the issues and is supported by the evidence, a party is entitled to have it given. *Downing v. Overhead Door Corp.*, 707 P.2d 1027 (Colo.App.1985).

Here, plaintiff requested an instruction on premises liability against the State, which was given. That instruction was derived from *CJI–Civ.2d* 12:4 (1987 Supp.). Thus, the trial court's giving of a complementary instruction, supported by the evidence, based on *CJI–Civ.2d* 12:2 (1980), was not erroneous.

■ Plaintiff also argues that *CJI–Civ. 2d* 12:2 (1980), applies only to cases involving sidewalks, streets, and crosswalks and that, thus, the instruction was inapplicable here. We disagree.

We note that the current version of *CJI–Civ.2d* 12:1 (1987 Supp.), concerning the duty of a public entity to maintain public ways and facilities, was redrafted to encompass most cases of premises liability brought against a public entity. In a similar manner, the trial court here adapted *CJI–Civ.2d* 12:2 (1980) to the circumstances of this premises liability case against the State. The instruction given here was consistent with plaintiff's adaptation of *CJI–Civ.2d* 12:4 (1987 Supp.) to fit the circumstances of his case.

Thus, we conclude that the trial court did not err in instructing the jury on plaintiff's duty of care when faced with hazardous conditions at a public facility.

### V.

■ Next, plaintiff contends that the trial court erred in failing to permit voir dire regarding the "liability crisis" or "lawsuit crisis." We disagree.

The propriety of questions to potential jurors on voir dire is within the discretion of the trial court, and its ruling will not be disturbed on appeal unless an abuse of discretion is shown. *People v. Brake*, 191 Colo. 390, 553 P.2d 763 (1976).

Here, the trial court ruled that plaintiff could not ask the potential jurors whether they had read newspaper articles about jury verdicts being too high. The trial court stated that because such articles usually were related to tort insurance reform, such questions would tend to lead to comments in impermissible areas. The court, however, did permit voir dire questioning on jurors' attitudes concerning damage awards generally and concerning State-owned property.

Considering all these circumstances, we conclude that the trial court did not abuse its discretion in its limitations on voir dire.

### VI.

■ Finally, plaintiff contends that the court erred when it refused to submit other instructions which set forth specific elements of damages sought, and would have

advised the jury that plaintiff was entitled to recover for damages to which he had increased susceptibility because of the injuries he sustained here.

Since the court submitted to the jury an instruction pursuant to *CJI–Civ.2d* 6:1 (1980), which covers this subject, plaintiff's argument is without merit.

We need not address plaintiff's assertion of error claiming violation of the collateral source rule as this matter may not again arise.

The judgment is reversed as to defendant Birrenkott and the cause is remanded for a new trial against that defendant. The portion of the judgment in favor of the State of Colorado is affirmed.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED WITH DIRECTIONS.

NEY and REED, JJ., concur.