**Christella GARCIA, Plaintiff–Appellant,**

v.

**The ESTATE OF the Late William James WILKINSON, Jr., Defendant–Appellee.**

**No. 89CA0143.**

Colorado Court of Appeals, Div. III.

Oct. 25, 1990.

Shakeshaft & Chernushin, P.C., Gregory Chernushin, John J. Donohoe, Colorado Springs, for plaintiff-appellant.

Goss & Waltz, Richard A. Waltz, Denver, for defendant-appellee.

Opinion by Judge JONES.

In this negligence action, plaintiff, Christella Garcia, appeals the judgment entered on a jury verdict in favor of defendant, the estate of William James Wilkinson, Jr. We affirm but remand for reconsideration of costs.

On November 10, 1986, Wilkinson's automobile struck the rear of another vehicle in which plaintiff was a passenger. The defendant admitted that Wilkinson was negligent in causing the accident but disputed that this accident caused plaintiff's injuries and damages.

Prior to trial, plaintiff moved for summary judgment on the issue of causation. The trial court denied the motion. The trial

court also denied plaintiff's pre-trial motion for special voir dire concerning the alleged "insurance crisis" or "lawsuit crisis." After a three-day trial, the jury returned a verdict in favor of the defendant.

## I.

Plaintiff initially contends that the trial court erred in refusing to grant her motion for summary judgment.

The denial of a motion for summary judgment is not appealable. *Manuel v. Fort Collins Newspapers, Inc.*, 631 P.2d 1114 (Colo.1981).

## II.

Plaintiff next contends that the trial court improperly refused to allow voir dire concerning several pre-trial newspaper advertisements pertaining to an "insurance crisis" or "lawsuit crisis." We disagree.

The purpose of voir dire examination is to enable counsel to determine whether any prospective juror possesses beliefs which would amount to bias and which could prevent a fair and impartial trial. *People v. Binkley*, 687 P.2d 480 (Colo.App.1984).

The propriety of questions to potential jurors on voir dire is within the discretion of the trial court and will be overturned only on a showing that the trial court abused its discretion causing prejudice to a party. *People v. Brewer*, 720 P.2d 583 (Colo.App.1985).

A trial court will be deemed to have abused its discretion if the parties are prevented from effectively exercising peremptory and cause challenges. *See Luera v. Snyder*, 599 F.Supp. 1459 (D.Colo.1984) citing to *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir.1981).

The parties are prevented from effectively exercising peremptory and cause challenges when the trial court, in the exercise of its discretion, causes voir dire to be inadequate to test the qualifications and competency of the jurors. *Lowther v. United States*, 455 F.2d 657 (10th Cir.1972), *cert. denied sub nom. Lowry v. United States*, 409 U.S. 887, 93 S.Ct. 114, 34 L.Ed.2d 144 (1972) and 409 U.S. 857, 93 S.Ct. 139, 34 L.Ed.2d 102 (1972), *reh'g denied*, 409 U.S. 1050, 93 S.Ct. 511, 34 L.Ed.2d 502 (1972).

We have previously held that a trial court does not abuse its discretion in failing to permit voir dire regarding the "liability crisis" or "lawsuit crisis" if the court otherwise does permit questions concerning jurors' views on damage awards generally. *Russo v. Birrenkott*, 770 P.2d 1335 (Colo. App.1988).

We conclude that *Birrenkott* is dispositive as to this issue. Here, as in *Birrenkott*, the trial court prohibited counsel from voir dire inquiry concerning whether the jurors had read certain newspaper articles or advertisements and the possible impact of such writings on the jurors, because it concluded that such inquiry would tend, inexorably, to lead to comments in impermissible areas. However, again as in *Birrenkott*, the court did permit requested questions in a related area, devoid of any reference to insurance, but also designed to ferret out possible juror bias concerning claimants, lawsuits, citizen accountability, and damage awards generally.

In our view, such questions were adequate to test the qualifications and competency of the jurors and were sufficient to allow the parties to exercise effectively and intelligently challenges as to this issue.

Accordingly, we conclude that the trial court did not abuse its discretion in declining to allow extended voir dire.

## III.

Plaintiff further contends that the trial court improperly denied her motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Again, we disagree.

## A.

A judgment notwithstanding the verdict may be entered only if reasonable persons, viewing the evidence in the light most favorable to the party against whom

the motion is directed, could not reach the same conclusions as the jury. *Price v. Boulder Valley School District R–2,* 782 P.2d 821 (Colo.App.1989).

■ At trial, plaintiff sought to recover for injuries and pain to her neck and shoulder. However, extensive testimony revealed that plaintiff suffered from shoulder pain, and was taking prescription medication for that pain, prior to the accident involving Wilkinson.

Furthermore, plaintiff did not complain of any injuries until nearly two weeks after the accident and missed no work for over a month after the accident. Although plaintiff claimed to have suffered from great pain while working, one of her supervisors testified that neither she nor any other supervisors had been informed or were aware of any of plaintiff's claimed physical problems.

In light of such testimony, the jury could reasonably find that Wilkinson's negligence did not cause plaintiff's injuries. Hence, the trial court did not err in denying plaintiff's motion.

### B.

As an alternative to a judgment notwithstanding the verdict, plaintiff moved for a new trial. Plaintiff's sole basis for this motion was counsel for defendant's reference at trial to a child support guideline document from plaintiff's dissolution of marriage action listing plaintiff's gross monthly income as $937 per month during 1988. At that point in the trial, plaintiff had already testified that she was unable to work during that period and had submitted affidavits so stating.

Plaintiff contends that the trial court improperly allowed defendant's counsel to use the child support document to contradict her statements regarding her actual income, and she urges that her credibility was severely damaged throughout the trial as a result.

■ Whether a new trial is required is usually a matter for the sound discretion of the trial court, which, by its presence and observation at trial, is best equipped

to make the decision. *First National Bank v. Campbell,* 198 Colo. 344, 599 P.2d 915 (1979). Moreover, a new trial should not be granted if the trial resulted in substantial justice, or if the error did not prejudice or harm the party seeking a new trial. *Citicorp Acceptance Co. v. Sittner,* 772 P.2d 655 (1989).

■ Reasonable inferences from the record establish that counsel for defendant was using the child support document to attempt to impeach other evidence presented that plaintiff had no income. Such impeachment is proper. However, even if we assume, *arguendo,* that defendant's purpose was improper and that, in admitting the evidence, the trial court committed error, we cannot conclude that the error was so prejudicial as to require a new trial.

Indeed, plaintiff subsequently introduced the child support document into evidence and called a rebuttal witness to explain that the $937 figure did not represent the plaintiff's actual income. This, when coupled with a review of the trial record as a whole, leads us to conclude that the trial court did not abuse its discretion in denying plaintiff's motion for a new trial.

### IV.

■ The trial court ordered that plaintiff, as the losing party, pay defendant's costs. Because plaintiff was proceeding *in forma pauperis,* she contends that the trial court erred. We agree that some of the costs may not have been assessable against plaintiff.

Section 13–16–103, C.R.S. (1987 Repl.Vol. 6A) provides, in relevant part, as follows:

"If the judge or justice of any court ... is at any time satisfied that any person is ... a poor person and unable to pay the costs and expenses [of prosecuting or defending a civil action] ... the judge or justice, in his discretion, may permit such person to commence and prosecute ... an action ... without payment of costs...."

Plaintiff urges an interpretation of § 13–16–103 which suggests that a court may not assess *any* costs against an unsuc-

cessful plaintiff proceeding *in forma pauperis.* This interpretation is not entirely correct.

In *Almarez v. Carpenter,* 173 Colo. 284, 477 P.2d 792 (1970), the Colorado Supreme Court, interpreting the predecessor statute to § 13–16–103, addressed the question of whether an individual proceeding *in forma pauperis* is required to pay a transcript fee in preparation of his appeal. The predecessor statute, § 33–1–3, C.R.S.1963 (1965 Perm.Supp.), is identical in substance with § 13–16–103. The *Almarez* court held that the statute permits the court to waive costs "chargeable by the court." The Supreme Court went on to point out that a fundamental difference exists between permitting the court to waive costs "due it" and the treatment of expenses of a lawsuit not due to the court.

Thus, the *Almarez* court distinguished, for purposes of the statute on costs as to indigents, between costs chargeable by the court or due to it, such as filing fees, and those costs which are expenses of the lawsuit and are due to other parties such as court reporters, sheriffs, witnesses, and process servers. See § 13–16–122, C.R.S. (1987 Repl.Vol. 6A).

Thus, here, only those costs properly due to the court pursuant to § 13–16–122 may be considered by the trial court for waiver under circumstances prescribed in § 13–16–103. On remand, the trial court may grant the protections of § 13–16–103 to plaintiff, in the exercise of its discretion, concerning only those costs which were owing to the court by defendant.

The judgment is affirmed; however, the cause is remanded for reconsideration by the trial court of costs assessed against plaintiff.

STERNBERG, C.J., and NEY, J., concur.