The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Uriel Antonio LINARES–GUZMAN, Defendant–Appellant.

No. 05CA2445.

Colorado Court of Appeals, Div. III.

June 26, 2008.

Certiorari Denied Nov. 17, 2008.

John W. Suthers, Attorney General, Sean A. Moynihan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joseph P. Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Uriel Antonio Linares–Guzman, appeals the judgment of conviction entered on jury verdicts finding him guilty of first degree burglary, attempted aggravated robbery, and criminal conspiracy to commit first degree burglary, aggravated robbery, and possession with intent to distribute a schedule II controlled substance. Defendant does not appeal his conviction for possession of a weapon by a previous offender. Defendant also appeals his sentences. We affirm the judgment of conviction, vacate the sentence on the conspiracy conviction, remand for resentencing on that conviction, and affirm the remaining sentences.

Defendant and several confederates agreed to steal money and drugs allegedly hidden inside the home occupied by the two victims and their parents. After the group went to the victims' home, one of defendant's confederates kidnapped one victim from the lawn in front of the home and transported him to the apartment of another confederate where he was tied, beaten, and kept overnight in a closet. He later escaped.

While the kidnapping was occurring, another confederate entered the home, brandished a gun, and demanded that the second victim give him money. The confederate eventually shot the second victim, who suffered serious bodily injury.

At trial, defendant's theory of the case was that he participated in the agreement and attempt to commit the robbery in which the group sought drugs and money, but that he did not intend or consider kidnapping the first victim. After the jury returned verdicts finding defendant guilty of the above offenses, the trial court imposed aggravated range sentences based upon defendant's probationary status as follows: (1) twenty-four years in the custody of the Department of Corrections for the first degree burglary conviction; (2) ten years for the attempted aggravated robbery conviction to run concurrently; and (3) ten years for the conspiracy conviction, to run consecutively. This appeal followed.

I.

Defendant asserts that the jury instruction concerning first degree burglary and the instructions for the underlying crimes of aggravated robbery and theft violated his constitutional rights and require reversal. Specifically, he asserts that the burglary instruction failed to require the jury to unanimously agree on the offense he intended to commit upon entering the victims' residence. He also asserts that, because the elemental instruction for theft failed to list essential elements of the offense, the burglary conviction must be reversed. We disagree.

Where, as here, a defendant fails to object to a jury instruction in the trial court, we review the instruction for plain error. *People v. Miller*, 113 P.3d 743, 748 (Colo. 2005) (plain error standard of review governs allegations of constitutional error, including both alleged instructional omission and misdescription of an element of an offense, in the absence of contemporaneous objection). Plain errors are those errors that "so undermined the fundamental fairness of the trial itself ... as to cast serious doubt on the reliability of the judgment of conviction." *Id.* at 750 (quoting *People v. Sepulveda*, 65 P.3d 1002, 1006 (Colo.2003)). In the context of an unpreserved claim of instructional error, the defendant bears the burden of demonstrating "not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction." *Id.* (quoting *People v. Garcia*, 28 P.3d 340, 344 (Colo.2001)).

**1134**

■ In reviewing a claim of instructional error under the plain error standard, we must consider the instructions as a whole to determine whether the jury was properly advised as to the law. *People v. Rosales,* 134 P.3d 429, 434 (Colo.App.2005).

■ In Colorado, defendants enjoy a right to unanimous jury verdicts. *See* § 16–10–108, C.R.S.2007; Crim. P. 31(a)(3). Unanimity means only that each juror agrees that each element of the crime charged has been proved to that juror's satisfaction beyond a reasonable doubt. *People v. Guffie,* 749 P.2d 976, 979–80 (Colo.App.1987).

The first degree burglary statute provides, in pertinent part, that "[a] person commits first degree burglary if the person knowingly enters unlawfully, or remains unlawfully after a lawful or unlawful entry, in a building or occupied structure with intent to commit therein a crime, other than trespass ... against another person or property, and if ... while in the building ... the person or another participant in the crime assaults or menaces any person." § 18–4–202(1), C.R.S. 2007.

Defendant relies upon *People v. Villarreal,* 131 P.3d 1119, 1128 (Colo.App.2005), and *People v. Palmer,* 87 P.3d 137, 140 (Colo.App. 2003), for the proposition that the elements of burglary as well as the elements of the underlying crime a defendant intended to commit must be correctly given to the jury, and that the jury must unanimously agree that the defendant intended to commit the underlying crime. The People assert that *Villarreal* and *Palmer* were wrongly decided, contending that while a jury must be unanimous about which charged offense occurred, it need not be in agreement about the alternative means by which that offense was committed. *See Schad v. Arizona,* 501 U.S. 624, 631–32, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). We need not resolve this question because we conclude defendant's reliance on *Villarreal* and *Palmer* is misplaced.

As pertinent here, the first degree burglary instruction required the jury to find that defendant (or his confederate, if it determined that defendant acted as a complicitor) entered the home with the intent to commit either aggravated robbery or theft. Al-

though neither the instruction nor the verdict form required the jury to indicate which underlying offense it relied upon to support the first degree burglary charge, the jury unanimously found defendant guilty of attempted aggravated robbery and conspiracy to commit aggravated robbery as separate offenses. The instructions for those counts were proper, and defendant does not contend otherwise. Because the jury unanimously concluded that defendant was guilty of attempted aggravated robbery and conspiracy to commit aggravated robbery, it necessarily found that defendant *intended* to commit aggravated robbery upon the entry into the victims' home. *See* § 18–2–101(1), C.R.S. 2007 (to be guilty of attempt a person must have "act[ed] with the kind of culpability otherwise required for commission of an offense"); § 18–2–201(1), C.R.S.2007 (to be guilty of conspiracy, a person must have acted "with the intent to promote or facilitate" an offense); *Villarreal,* 131 P.3d at 1128 (the failure to give a unanimity instruction may be harmless if the reviewing court is convinced that the verdict reflects unanimous agreement). This finding satisfies the intent requirement of first degree burglary as well as any requirement that the jury unanimously agree upon an underlying offense.

■ The jury's acquittal of defendant on a completed aggravated robbery charge does not alter the fact that it found he intended to commit the crime upon entry into the victims' home. The completion or actual commission of the underlying offense is not required for a burglary conviction. *See People v. Ramirez,* 18 P.3d 822, 826 (Colo.App.2000). In addition, the aggravated robbery charge for which the jury acquitted defendant related to the first victim, who was kidnapped from the front lawn of the residence. The attempted aggravated robbery charge for which defendant was convicted related to the second victim, who was assaulted in the residence. This distinction buttresses our conclusion that the jury must have selected aggravated robbery as the underlying felony for the burglary charge.

It does not matter that the theft instruction contained errors in its description of the offense. Even if some of the jurors may have found defendant intended to commit the crime of theft upon entering the victims' home, it is clear that they all found he intended to commit aggravated robbery, as evidenced by their unanimous verdicts on the attempted aggravated robbery and conspiracy to commit aggravated robbery counts.

Because the jury unanimously agreed that defendant intended to commit aggravated robbery upon entry into the victims' home, we conclude that any error in the failure to give a unanimity instruction was not plain error because there is no reasonable possibility that any error contributed to defendant's conviction.

## II.

Defendant asserts that his aggravated range sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Specifically, he contends that the court improperly based his sentence on his alleged probationary status, a fact that was not charged, not admitted, and not found by a jury beyond a reasonable doubt. We disagree.

■■ Our review of constitutional challenges to sentencing determinations is de novo. *Lopez v. People*, 113 P.3d 713, 720 (Colo.2005). Where a defendant preserves a constitutional challenge to his sentence, a reviewing court will determine whether there was constitutional error, and, if so, it will vacate the sentence unless the error was harmless beyond a reasonable doubt. *See People v. Banark*, 155 P.3d 609, 611 (Colo. App.2007).

In *Lopez*, the supreme court determined that, in light of *Blakely*, a sentencing court may constitutionally impose an aggravated range sentence based on any one of four kinds of facts: (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; or

(4) facts regarding prior convictions. *Lopez*, 113 P.3d at 719.

Here, at the sentencing hearing, defense counsel stated that there was "no finding by a jury that [defendant] was on probation," and that it would not be appropriate for him to stipulate to defendant's probationary status in light of *Blakely*. We will assume, without deciding, that this objection was sufficient to preserve the issue on appeal.

Nevertheless, defense counsel went on to state: "I believe the Court can make judicial findings from the record," and "I'm not going to deceive the Court with what I know my client's status to be. I'll let the Court make that finding." In our view, defendant thus consented to judicial fact-finding with respect to his probationary status, thereby satisfying option (3) set forth in *Lopez*.

■■ Furthermore, the fact that defendant was on probation at the time he committed the offenses here is "inextricably linked to his prior conviction and thus falls within the prior conviction exception," satisfying option (4) set forth in *Lopez*. *People v. Montoya*, 141 P.3d 916, 922 (Colo.App.2006); *accord People v. Huber*, 139 P.3d 628, 633–34 (Colo.2006) (prior conviction exception extends to facts regarding prior convictions that are contained in conclusive judicial records).

Accordingly, we find no constitutional violation.

## III.

■■ Defendant argues that, assuming it was not unconstitutional for the court to impose aggravated range sentences because of his probationary status, the court nevertheless erred by relying on information contained in a presentence investigation report (PSIR) and the state judicial computer database to determine his probationary status. We disagree.

Defendant did not raise this claim in the trial court. Thus, the plain error standard of review applies. *See People v. Elie*, 148 P.3d 359, 364 (Colo.App.2006).

■■ A court may take judicial notice of its own records. *See People v. Sa'ra*, 117

P.3d 51, 55–56 (Colo.App.2004) (a court may take judicial notice of the contents of court records in a related proceeding); *Vento v. Colo. Nat'l Bank,* 985 P.2d 48, 52 (Colo.App. 1999); *see also* CRE 201(b)(2) (a court may take judicial notice of a fact "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

Section 13–1–119, C.R.S.2007, provides:

The judgment record and register of actions shall be open at all times during office hours for the inspection of the public without charge, and it is the duty of the clerk to arrange the several records kept by him in such manner as to facilitate their inspection. In addition to paper records, *such information may also be presented on microfilm or computer terminal.*

(Emphasis added.)

Crim. P. 55 also provides that court records may be in the form of electronic records displayed on a computer terminal:

(a) Register of actions (criminal docket). The clerk shall keep a record known as the register of actions and shall enter therein those items set forth below. The register of actions may be in any of the following forms or styles:

. . . .

(3) Computer magnetic tape or magnetic disc storage, where the register of actions items appear on the terminal screen, or on a paper print-out of the screen display.

. . . .

(c) Indices; Calendars. The clerk shall keep suitable indices of all records as directed by the court. The clerk shall also keep as directed by the court, calendars of all hearings and all cases ready for trial, which shall distinguish trials to a jury from trials to the court. Indices and calendars may be in any of the following forms or styles:

. . . .

(3) Computer magnetic tape or magnetic storage, where the information appears on the terminal screen, or on a print-out of the screen display.

Although not in effect at the time of defendant's sentencing, Chief Justice Directive 05–01, as amended in December 2006, provides in relevant part:

Section 3.10—DEFINITION OF COURT RECORD

For purposes of this policy

(a) "Court record" includes:

(1) any document, information, or other item that is collected, received, or maintained by a court or clerk of court in connection with a judicial proceeding;

(2) any index, calendar, docket, register of actions, official record of the proceedings, order, decree, judgment, or minute order, that is related to a judicial proceeding; and

(3) the electronic record (ICON/Eclipse) is an official court record, including the probation ICON/Eclipse files.

The term "ICON" or "Eclipse" refers to the integrated Colorado online network that is the state judicial department's case management system. § 16–20.5–102(8), C.R.S. 2007.

Here, defendant asserts that the trial court erred in taking judicial notice of the PSIR because such reports are not part of the court's own records. *See People v. Cooper,* 104 P.3d 307, 311 (Colo.App.2004). However, the trial court reviewed official court records stored on the state computer system. In finding that defendant was on probation at the time he committed these offenses, the trial court stated, "[T]he court will note that the PSI[R] indicates he was on probation and gives a case number. The computer for state judicial is statewide. I have that case up on my screen right now." The trial court then concluded that defendant was indeed on probation in connection with a previous felony when he committed these crimes.

Because the statutes and rules previously noted expressly approve of records kept and maintained in the form of computer data displayed on the integrated state judicial computer network, and because the trial court based its determination on electronic information provided on the Colorado state judicial case management network (deemed an "official court record" by the supreme

court), we conclude that the court took appropriate judicial notice of court records. Hence, there was no error here, let alone plain error.

## IV.

■ Defendant asserts that the court abused its sentencing discretion when it failed to consider a number of mitigating factors and sentenced him more harshly than his more culpable confederates. He also contends the court misapprehended the sentencing range for his conspiracy conviction. We reject his first argument but agree with the second one.

■ Sentencing, by its very nature, is a discretionary decision that requires weighing various factors and striking a fair accommodation between the defendant's need for rehabilitation or corrective treatment and society's interest in safety and deterrence. *People v. Watkins,* 200 Colo. 163, 166, 613 P.2d 633, 635–36 (1980).

■ A trial court's sentencing decisions will not be overturned absent an abuse of discretion. *Lopez,* 113 P.3d at 720. A sentencing court abuses its discretion if it fails to consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public. *People v. Leske,* 957 P.2d 1030, 1043 (Colo.1998).

■ It is sufficient that the record contains evidence to support the reasons for the sentence, a reasonable explanation of the sentence imposed, and information that permits the conclusion that the sentencing court considered all essential factors. *People v. Preciado–Flores,* 66 P.3d 155, 169 (Colo.App. 2002). That the trial court finds aggravating factors to be more compelling than any arguably mitigating factors does not constitute an abuse of discretion or indicate that the court failed to consider evidence of mitigation. *People v. Eurioste,* 12 P.3d 847, 851 (Colo. App.2000).

Here, defendant argues that the trial court neglected to consider his potential for rehabilitation, sentencing alternatives, relatively minimal criminal history, and genuine remorse, and sentenced him to a longer term than that of his confederates.

■ Trial courts are not required to "engage in a point-by-point discussion of each and every one of [the sentencing] factors when it explains the sentence to be imposed." *People v. Walker,* 724 P.2d 666, 669 (Colo. 1986). The trial court specifically noted that defendant had one prior felony conviction at the time of sentencing, and thus it did consider his criminal history.

Further, although the trial court did not expressly refer to defendant's feelings of remorse, the court heard his statement expressing remorse and read the PSIR in which defendant also expressed remorse. Thus, the court considered those expressions before imposing sentence.

The trial court acknowledged that defendant's confederate was the more serious offender, but found that defendant's act of initiating the conspiracy weighed in favor of imposing a longer sentence. *See People v. Hayes,* 923 P.2d 221, 230 (Colo.App.1995) ("By its nature, sentencing is individualized, and there is no rule that co-defendants must receive equal sentences.").

We agree, however, with defendant's contention that the case must be remanded for resentencing on the conspiracy conviction because the trial court misapprehended the applicable sentencing range.

■ Where a trial court misapprehends the scope of its discretion in imposing sentence, a remand is necessary for reconsideration of the sentence within the appropriate sentencing range. *See People v. Willcoxon,* 80 P.3d 817, 822 (Colo.App.2002).

Pursuant to section 18–1.3–401(8)(a)(III), C.R.S.2007, a trial court is required, if it sentences the defendant to incarceration, to sentence the defendant "to a term of at least the midpoint in the presumptive range but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony" if the defendant was on probation at the time he committed his offense.

Here, without the probation violation, defendant was subject to a sentencing range of two to six years for the class four felony conspiracy conviction. §§ 18–1.3–401(1)(a)(V)(A), 18–2–206, C.R.S.2007. Because defendant was on probation at the time of the offense, he was subject to a sentencing range of four to twelve years. § 18–1.3–401(8)(a)(III). The trial court, however, sentenced defendant to a consecutive term of ten years in accordance with its belief that he was subject to a ten to thirty-two-year range.

Because the trial court misapprehended the scope of its discretion and sentenced defendant to a consecutive period at the lowest end of an incorrect sentencing range, we vacate the conspiracy sentence and remand so that the trial court may exercise its discretion within the correct range.

We find no abuse of discretion as to the balance of the sentences imposed by the trial court.

The judgment of conviction is affirmed. The sentence on the conspiracy conviction is vacated, and the case is remanded for resentencing within the correct range. The remaining sentences are affirmed.

Judge RUSSEL and Judge J. JONES concur.