2012 COA 29

**Judith ROTZ, Plaintiff–Appellant,**

v.

**HYATT CORPORATION, d/b/a Hyatt Regency Denver at Colorado Convention Center, Defendant–Appellee.**

No. 11CA0329.

Colorado Court of Appeals, Div. VII.

Feb. 16, 2012.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

The Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, for Plaintiff–Appellant.

Lasater & Martin, P.C., J. Scott Lasater, J. Barton Maxwell, Highlands Ranch, Colorado, for Defendant–Appellee.

Opinion by Judge MILLER.

¶ 1 In this premises liability action, plaintiff, Judith Rotz, appeals from a trial court judgment dismissing her action against defendant, Hyatt Corporation, for failure to timely file a nonresident cost bond pursuant to sections 13–16–101 to –102, C.R.S.2011.

¶ 2 We conclude that the trial court erroneously determined that once plaintiff failed to file the cost bond by the date set in its order, without any showing of indigency or waiver, section 13–16–102 deprived the court of discretion to do anything but dismiss the case. In reaching that conclusion, we hold that *Hytken v. Wake,* 68 P.3d 508, 511 (Colo. App.2002), does not divest a trial court of all discretion to accept a late-filed cost bond.

¶ 3 We accordingly reverse the judgment of dismissal and remand the case to the trial court with instructions.

## I. Background

¶ 4 Because plaintiff is a resident of Maryland and not Colorado, defendant moved for a cost bond pursuant to sections 13–16–101 to –102, under which a trial court may require a nonresident plaintiff to file a bond for the payment of the costs of the suit. On August 31, 2010, the trial court granted the motion and ordered plaintiff to file a cost bond in the amount of $5,000 within fourteen days. When plaintiff failed to file the bond or a motion for extension of time by September 22, 2010, defendant moved to dismiss the action pursuant to section 13–16–102.

¶ 5 On September 23, 2010, plaintiff filed a cost bond, six days after the deadline (as automatically enlarged by C.R.C.P. 6(e)) set in the order, together with a response to the motion to dismiss. Plaintiff's response explained that she had obtained a cost bond on September 17, 2010 but that her counsel had been unable to file it as a result of preparing for and attending an unrelated jury trial.

¶ 6 The trial court granted defendant's motion and dismissed the action after concluding that, unless the plaintiff is indigent or the defendant waives its claim to the cost bond, "the court has no discretion regarding the filing of a cost bond by a nonresident plaintiff, and dismissal for his failure to do so is mandatory." The court further concluded that neither indigence nor waiver excused plaintiff's failure to timely file a cost bond. It observed that plaintiff offered no argument as to why the court should excuse the delay and that plaintiff failed to request an extension during the fourteen-day period. The court concluded that, under section 13–16–102, trial courts do not have discretion to excuse such a delay.

¶ 7 Plaintiff then moved to vacate the order of dismissal. In this motion, plaintiff asserted that her counsel's trial was not the cause of the delay. She explained that she had begun the process of securing a cost bond no later than three days after entry of the court's order; due to geographic, paperwork, and money transfer issues, it took her seventeen days to locate a bonding company and execute a bond; she mistakenly returned the signed bond to the bonding company, rather than to her counsel; the bonding company promptly forwarded the bond to plaintiff's counsel; and counsel filed it the same day he received it. Plaintiff argued that the

trial court had misconstrued section 13–16–102 and also asked the court to retroactively extend the deadline pursuant to C.R.C.P. 6(b). The court denied the motion to vacate after concluding that section 13–16–102 and *Hytken v. Wake* "mandate denial."

## II.  Analysis

¶ 8 Plaintiff contends that the trial court erred in holding that section 13–16–102 mandated dismissal of the action and deprived it of discretion to accept the bond.  We agree.

¶ 9 Ordinarily, we review a trial court's dismissal of a suit for a plaintiff's neglect or refusal to file a cost bond for an abuse of discretion.  *See Hytken,* 68 P.3d at 510.  However, statutory construction is a question of law we review de novo.  *See Bly v. Story,* 241 P.3d 529, 533 (Colo.2010).  We therefore review the trial court's interpretation of section 13–16–102 de novo.

¶ 10 When interpreting the requirements of a statute, we endeavor to effectuate the intent of the General Assembly.  *Walcott v. District Court,* 924 P.2d 163, 165 (Colo.1996).  In doing so, we first consider the plain language of the statute.  *Id.* Because we presume the General Assembly meant what it said, we endeavor to give words and phrases used in the statutes effect according to their plain and ordinary meaning.  *Id.*

¶ 11 Where a plaintiff is not a resident of Colorado, the court may, upon motion, order the plaintiff to file a cost bond "on or before the day in such order named." §§ 13–16–101(2), 13–16–102.  Section 13–16–102 further provides in relevant part that:

> *To ensure that access to the courts is not unreasonably denied,* a court shall not require an instrument in writing for the payment of costs of suit in excess of five thousand dollars.  If the nonresident plaintiff *neglects or refuses,* on or before the day in such rule named, to file such instrument, the court, on motion, shall dismiss the suit.

(Emphasis added); *see also* § 13–16–101(2) (containing language identical to the first quoted sentence).

¶ 12 Here, there is no contention that plaintiff refused to file the bond.  The case

therefore turns on the meaning of the term "neglect," as used in section 13–16–102.  The parties rely heavily on *Hytken* to support their respective positions in that regard.  Indeed, language in that opinion provides some succor to both.

¶ 13 In *Hytken,* the trial court initially ordered the nonresident plaintiffs to file a cost bond within twenty days.  68 P.3d at 509.  They sought and obtained three extensions of time in which to file the bond, including one sought after the second extension expired.  *Id.* at 509–10.  The trial court denied their fourth motion for an extension of time and granted the defendant's motion to dismiss the action.  *Id.* at 510.  By that point, nearly two and one-half months had passed since the original order without the plaintiffs ever having filed a bond.  *Id.* at 509–10.

¶ 14 Defendant points out that the division's opinion states that "[u]nder §§ 13–16–101 and 13–16–102 the court has no discretion regarding the filing of a cost bond, and dismissal for failure to do so is mandatory" unless the nonresident plaintiff can establish indigency or waiver by the defendant.  *Id.* at 511.  Other than these two exceptions,

> nothing in the statutes or case law provides an exception for a nonresident plaintiff who is unable to obtain a cost bond despite good faith efforts to do so, nor does the statute contemplate a showing of excusable neglect.  In fact, the statute unambiguously makes neglect inexcusable by mandating dismissal in the event of its occurrence.

*Id.*

¶ 15 However, supporting plaintiff's position here, the opinion also holds that "the trial court has discretion to determine whether a plaintiff's delay in filing a cost bond is a result of neglect or refusal."  *Id.* at 510.  The division also stressed that the plaintiffs in that case obtained several extensions of time but never filed a cost bond.  *Id.* at 512.  The division did not suggest that the trial court abused its discretion in granting any of those extensions, even the one sought after the previous extension had expired.  The division did not rule that the cost bond statute *mandated* dismissal in the case.  Rather,

it "conclude[d] that the trial court did not abuse its discretion by dismissing the case." *Id.*

¶ 16 In our view, the discretionary approach the division applied in *Hytken* to resolve the case before it is in accord with the supreme court's decision in *Walcott.* There, the supreme court held that dismissal of a lawsuit may not be based solely on a plaintiff's inability to post a cost bond because of indigency. 924 P.2d at 166–67. However, in reaching that conclusion, the court articulated the more general principle that inability to obtain a cost bond does not constitute neglect for purposes of section 13–16–102:

> Inability to obtain a cost bond does not equate to the neglect or refusal to pay such a bond. If the General Assembly intended that *failure* to file a cost bond, regardless of the reason, would mandate dismissal, it would not have predicated dismissal specifically on whether a plaintiff *"neglects or refuses."*

*Id.* at 166 (emphasis added) (citation omitted). This language draws a distinction between failure to file a cost bond and neglect or refusal to do so. Thus, when failure to file a cost bond within the time set by the trial court results from the plaintiff's inability to do so—"regardless of the reason" for the inability—such failure does not amount to neglect or refusal.

¶ 17 Unlike the present case, the plaintiffs in *Hytken* never filed a bond. *Hytken* therefore held that, once the trial court determines that a plaintiff's failure to file a cost bond results from neglect or refusal, the trial court must dismiss the action. *See* 68 P.3d at 511. *Hytken*, however, also held that the trial court must first exercise its discretion in determining whether the failure to file resulted from neglect or refusal. *See id.* at 510. More importantly, the division in *Hytken* recognized that the trial court retains discretion, even after the time set in an order pursuant to section 13–16–102 expires, to grant additional time to file the bond. *See id.* at 511–12. We agree with this analysis.

¶ 18 Our conclusion that a trial court has discretion to determine whether a late filing results from neglect is supported by two other considerations. First, a nonresident plaintiff's failure to timely file a cost bond does not affect the trial court's jurisdiction. *See Nguyen v. Swedish Med. Ctr.,* 890 P.2d 255, 256 (Colo.App.1995) (failure to file a nonresident cost bond affects neither subject matter jurisdiction nor personal jurisdiction). Accordingly, the expiration of the time period ordered did not deprive the court of jurisdiction.

¶ 19 Second, to effectuate the intent of the General Assembly, "we must consider the statutory scheme as a whole to give a consistent, harmonious, and sensible effect to each individual section." *Zab, Inc. v. Berenergy Corp.,* 136 P.3d 252, 255 (Colo.2006). We find instructive the General Assembly's statement in sections 13–16–101(2) and 13–16–102 that, "to ensure that access to the courts is not unreasonably denied," the trial court shall not require a nonresident cost bond in excess of $5,000. Given the General Assembly's concern with ensuring that access to Colorado courts is not unreasonably denied, it would be inconsistent to mandate dismissal on the basis of a party's inability to strictly comply with technical time requirements.

¶ 20 Therefore, we are persuaded that section 13–16–102 requires the trial court to exercise its discretion in determining whether a nonresident plaintiff's delay in filing a cost bond is the result of neglect, as opposed to the party's inability to timely comply. When making this determination, the court should consider all of the relevant facts. While we do not purport to catalog all of the factors the court may consider in exercising its discretion, we can identify at least three that may be relevant.

¶ 21 First, the trial court should consider whether plaintiff ultimately filed a cost bond that complies with the requirements prescribed in section 13–16–101(3), albeit late, or whether, as in *Hytken*, plaintiff never filed a bond. *See Hytken*, 68 P.3d at 511 (nonresident plaintiff's multiple failures to file a cost bond could constitute neglect).

¶ 22 Second, the court should consider whether the order afforded plaintiff sufficient opportunity to make the arrangements necessary to file a cost bond. *See Hytken*, 68 P.3d at 511–12.

¶ 23 Third, the court should consider whether plaintiff's failure to file the bond

within the time ordered was a result of an inability to comply within the time provided in the order. Here, the trial court should consider all of the circumstances surrounding plaintiff's late filing—including without limitation the deadline originally ordered, plaintiff's diligence or lack of diligence in seeking a bond, the distance between plaintiff's residence and the court, the paperwork and money transfer issues involved, her counsel's participation in another trial, her sending the executed bond back to the bond company rather than to counsel, and the total amount of time between the entry of the order and the filing of the bond.

¶ 24 The trial court, however, understood that it could consider only the issues of indigency and waiver. Finding those factors inapplicable to this case, the court concluded that it lacked discretion to do anything but dismiss based on the filing of the bond after the deadline it set had passed. Because the trial court misapprehended the scope of its discretion, we reverse the judgment of dismissal and remand the case to the trial court to determine whether plaintiff's delay in filing the cost bond was the result of neglect. *Cf. People v. Linares–Guzman*, 195 P.3d 1130, 1137 (Colo.App.2008) (where trial court misapprehends the scope of its discretion in sentencing, remand is necessary). In doing so, the court should consider all relevant factors, including those outlined above, and related evidence regarding the delay. The trial court may determine, in its discretion, whether to request or permit the parties to submit further evidence. If the trial court determines that plaintiff's delay was the result of neglect, it must dismiss the action. Otherwise, it should deny the motion to dismiss and proceed with the litigation.

### III. Conclusion

¶ 25 The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge ROMÁN and Judge RICHMAN concur.