24CA1728 Peo v Loaiza 10-23-2025

COLORADO COURT OF APPEALS

_____

Court of Appeals No. 24CA1728
La Plata County District Court No. 23CR5028
Honorable Nathaniel Baca, Judge

_____

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Patricia Delcarmen Loaiza,

Defendant-Appellant.

_____

SENTENCE AFFIRMED

Division IV
Opinion by JUDGE HARRIS
Johnson and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 23, 2025

_____

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Robert W. Kiesnowski, Jr., Alternate Defense Counsel, Florissant, Colorado, for Defendant-Appellant

¶ 1     Defendant, Patricia Delcarmen Loaiza, appeals her sentence for second degree assault.  We affirm.

## I.     Background

¶ 2     Loaiza was charged with multiple offenses stemming from allegations that she stabbed her husband in the back and neck with a scalpel, almost killing him.

¶ 3     Loaiza pleaded guilty to second degree assault.  The remaining counts were dismissed, as well as five other criminal cases.  As part of the plea agreement, the parties agreed to leave sentencing open to the district court — with probation and community corrections as available sentencing alternatives to the Department of Corrections (DOC).  The court accepted the plea agreement and sentenced Loaiza to sixteen years in the DOC, the maximum sentence allowable under the plea.

## II.     Discussion

¶ 4     Loaiza contends that the district court abused its sentencing discretion because the court based her sentence, in part, on factual findings that were unsupported by competent evidence in the record and failed to give any consideration to her rehabilitative potential.  We disagree.

1

## A. Standard of Review

¶ 5 We review a district court's sentencing decision for an abuse of discretion. *People v. Dominguez*, 2021 COA 76, ¶ 9. A court abuses its discretion if "it fails to consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public." *People v. Linares-Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008). Likewise, a court abuses its discretion if its decision is based on an erroneous understanding or application of the law. *Margerum v. People*, 2019 CO 100, ¶ 9.

## B. Analysis

¶ 6 A district court is given "wide latitude in its sentencing decisions." *People v. Tresco*, 2019 COA 61, ¶ 30 (citation omitted). In exercising its sentencing discretion, the court need not "explicitly refer to each of the factors it considered," *People v. Koehler*, 30 P.3d 694, 698 (Colo. App. 2000), and need only state the primary factual considerations bearing on its decision, *see People v. Watkins*, 613 P.2d 633, 637 (Colo. 1980). A record is sufficient to affirm a sentencing decision if it contains evidence to support the reasons for the sentence, a reasonable explanation of the sentence imposed,

and information that permits the conclusion that the court considered all essential factors. *Linares-Guzman*, 195 P.3d at 1137. "If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case," we must uphold it. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990). Only under exceptional circumstances will we substitute our judgment for that of the district court in sentencing matters. *Id.*

¶ 7 Loaiza raises two claims of error, both of which we reject.

¶ 8 First, Loaiza asserts that the district court's sentencing determination was based on factual findings that were unsupported by competent evidence in the record — namely, that her recent criminal conduct had escalated and that she lacked remorse and accountability for her crime.

¶ 9 Regarding Loaiza's escalation, it is true that her last criminal conviction — her fourth DUI offense — occurred thirteen years ago. But Loaiza was charged with five other criminal cases within two weeks of the stabbing — with charges that included violation of a protection order, criminal mischief, theft, and stalking. And while none of these cases resulted in convictions (each of them was

dismissed as part of her plea), the district court was entitled to consider them. *See People v. Newman*, 91 P.3d 369, 372 (Colo. 2004) (describing appropriate considerations for sentencing courts, including "conduct for which charges were filed but later dismissed as part of a plea agreement").

¶ 10    The record also supports the district court's finding that Loaiza lacked remorse and accountability for the stabbing. During Loaiza's allocution — besides repeating her sentiment concerning the victim's character for untruthfulness, as previously relayed in the presentence investigation report — Loaiza outright denied ever stabbing the victim in the neck. Instead, she suggested that the victim "inflicted that injury himself." Later during the sentencing hearing, she added, "I was hoping that the doctor would know the difference between the weapon or whatever was used in those two wounds. I feel that he inflicted more on himself, and he wanted to make sure that it looked like I was going to kill him." And she asserted that the victim was not "tak[ing] accountability for his behavior." Moreover, any remorse and accountability Loaiza did show at the hearing came *after* the court stated its concern, in

4

response to these statements, that Loaiza wasn't "really taking any responsibility for this action."

¶ 11     Second, we reject Loaiza's assertion that the district court failed to consider all of the relevant sentencing factors by placing undue emphasis on her escalating criminal conduct and lack of remorse or accountability, to the exclusion of her potential for rehabilitation through a community-based sentence.

¶ 12     In sentencing Loaiza, the district court acknowledged that Loaiza "had a rough life," has "been through a horrible situation," and was "in a relationship where [she was] controlled and kind of manipulated and didn't have the ability to make decisions on [her] own and really [was] in a position that no one should be in." However, the court also reflected on the serious nature of the crime, noting that Loaiza almost killed the victim and it was "an extreme act that no one deserves." Further, the court considered, but ultimately rejected, the imposition of a community-based sentence given Loaiza's demonstrated "pattern of not really following court orders," in part, based on the five pending protection order violation charges. And the court found that both Loaiza's failure to take responsibility and her lack of appreciation for the seriousness of the

offense were "very concerning." In balancing these considerations, the court arrived at a sixteen-year sentence.

¶ 13    Under these circumstances, we cannot say that the district court abused its sentencing discretion. The court expressly considered all evidence presented at the sentencing hearing, including mitigating information about Loaiza's personal hardships and her rehabilitative potential. That the court found "aggravating factors to be more compelling than any arguably mitigating factors does not constitute an abuse of discretion or indicate that the [district] court failed to consider evidence of mitigation." *Linares-Guzman*, 195 P.3d at 1137.

### III.    Disposition

¶ 14    The sentence is affirmed.

JUDGE JOHNSON and JUDGE SCHOCK concur.