24CA0689 Peo v Arnett 12-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0689
Jefferson County District Court No. 23CR2450
Honorable Christopher C. Zenisek, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Stephen Patrick Arnett,

Defendant-Appellant.

SENTENCE AFFIRMED

Division IV
Opinion by JUDGE JOHNSON
Harris and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 24, 2025

Philip J. Weiser, Attorney General, Jacob R. Lofgren, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Andrea R. Gammell, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Stephen Patrick Arnett (Arnett), appeals his six-year prison sentence for second degree assault.  We affirm.

## I.    Background

¶ 2    Arnett was charged with multiple offenses stemming from allegations that he assaulted and strangled his girlfriend, Melinda Dingle (Dingle).  Dingle alleged that during the altercation, Arnett grabbed her hair, slammed her head onto a stone floor, and strangled her to the point that she lost consciousness.  Dingle sustained injuries to her face and neck, as well as a fractured scapula and a close-head trauma brain bleed.

¶ 3    Arnett pled guilty to second degree assault (strangulation). The remaining counts were dismissed.  As part of the plea agreement, the parties agreed to leave sentencing open to the district court — with probation and community corrections available as alternatives to the Department of Corrections (DOC). The court accepted the plea agreement and sentenced Arnett to six years in the custody of the DOC.

## II.    Standard of Review

¶ 4    We review a district court's sentencing discretion for an abuse of discretion.  *People v. Dominguez,* 2021 COA 76, ¶ 9.  A court

abuses its discretion if "it fails to consider the nature of the offense, the character and rehabilitative potential of the offender, the development of respect for the law and the deterrence of crime, and the protection of the public." *People v. Linares-Guzman*, 195 P.3d 1130, 1137 (Colo. App. 2008). Likewise, a court abuses its discretion if its decision is based on an erroneous understanding or application of the law. *Margerum v. People*, 2019 CO 100, ¶ 9.

### III.   Analysis

¶ 5      Arnett contends that the district court abused its sentencing discretion because the court based his sentence on unfounded concerns for Dingle's safety and failed to consider his rehabilitative needs and potential. We disagree.

### A.   Plea Proviso

¶ 6      As an initial matter, we reject the Attorney General's assertion that section 18-1-409(1), C.R.S. 2025, bars Arnett's appeal of his sentence.

¶ 7      As now relevant, section 18-1-409(1) provides that any person convicted of a non-class 1 felony "shall have the right to one appellate review of the propriety of the sentence." But in what is referred to as the plea proviso in the statute, *see Sullivan v. People,*

2

2020 CO 58, ¶ 1, appellate review of the propriety of a sentence is barred "if the sentence is within a range agreed upon by the parties pursuant to a plea agreement." § 18-1-409(1); *see also* C.A.R. 4(b)(5)(C) (same). And under *People v. Scofield*, a defendant cannot appeal the propriety of their sentence that was imposed within the aggravated range agreed upon in a plea agreement, when the parties "expressly agreed that [the] defendant would be sentenced within the aggravated sentencing range." 74 P.3d 385, 387 (Colo. App. 2002).

¶ 8    Contrary to the Attorney General's argument, Arnett's plea agreement did not contain a sentence range agreed upon by the parties. Rather, the plea agreement informed Arnett that second degree assault was a class 4 felony and an extraordinary risk offense that carried a presumptive sentencing range of two to eight years in the DOC. *See* § 18-3-203(1)(i), (2)(b), C.R.S. 2025; § 18-1.3-401(10)(b)(XVIII), C.R.S. 2025. *Scofield* is distinguishable because the defendant in that case expressly agreed as part of his plea agreement to be sentenced within the aggravated range, which "alter[ed] the presumptive sentencing range." 74 P.3d at 387.

Arnett, however, did not stipulate to, nor was he sentenced to, a sentence within the aggravated range.

¶ 9     Thus, the plea proviso portion of section 18-1-409(1) does not bar our review of the propriety of Arnett's sentence. *See People v. O'Dell*, 53 P.3d 655, 657 (Colo. App. 2001) (The plea proviso in section 18-1-409(1) did not apply because its plain language "requires an agreement by the parties to a sentencing range," and, "although [the] defendant was advised of the penalties applicable to the offenses to which he was pleading guilty, there is no indication in the record that his plea agreement included any type of agreed sentencing range or cap.").

### B.     Propriety of the Sentence

¶ 10    A district court is given "wide latitude in its sentencing decisions." *People v. Tresco*, 2019 COA 61, ¶ 30 (citation omitted). In exercising its sentencing discretion, the court need not "explicitly refer to each of the factors it considered," *People v. Koehler*, 30 P.3d 694, 698 (Colo. App. 2000), and need only state the primary factual considerations bearing on its decision, *see People v. Watkins*, 613 P.2d 633, 637 (Colo. 1980). A record is sufficient to affirm a sentencing decision if it contains evidence to support the reasons

for the sentence, a reasonable explanation of the sentence imposed, and information that permits the conclusion that the court considered all essential factors. *Linares-Guzman*, 195 P.3d at 1137. "If the sentence is within the range required by law, is based on appropriate considerations as reflected in the record, and is factually supported by the circumstances of the case," we must uphold it. *People v. Fuller*, 791 P.2d 702, 708 (Colo. 1990).

¶ 11     Arnett raises two claims of error, both of which we reject.

¶ 12     First, Arnett asserts that the district court's sentencing determination was based on unfounded and speculative concerns for Dingle's safety — namely, that a lengthy sentence was necessary to protect her from future harm.

¶ 13     Sentencing determinations must be based on reliable evidence, not speculation or unfounded allegations. *People v. Tuffo*, 209 P.3d 1226, 1231 (Colo. App. 2009). But we discern ample evidence in the record to support the challenged finding. At the sentencing hearing, the prosecutor read a letter from the filing investigator assigned to the case, in which the investigator described the injuries inflicted on Dingle as "barbaric" and "some of the worst [he had] seen on a living victim." The district court

5

observed photographs of Dingle's injuries and found them "striking," "impactful," and depictive of "dramatic, extreme, violen[t] injuries." The court also considered the Presentence Investigation Report (PSIR) completed by the probation department, whose assessments considered Arnett "a high risk to reoffend in the community." The filing investigator agreed, noting in his letter that "based on the extremely violent nature of his actions, [Arnett] pose[d] a continued violent risk to the community."

¶ 14     Notwithstanding Arnett's assertion to the contrary, there is no evidence in the record suggesting that this evidence was materially untrue. And to the extent Arnett suggests that the district court relied on prior "unsubstantiated" allegations of abuse by the victim, we disagree. The court, referencing these prior allegations, specifically indicated that its "focus" and "duty is, of course, to sentence on the facts of this case, and this case alone. This is the conviction. The others have not been proved." We presume the court did so and the record does not reflect otherwise. *See People v. White*, 870 P.2d 424, 440 (Colo. 1994) (courts are presumed to know the law and apply it in making their sentencing decisions).

¶ 15　Second, we reject Arnett's assertion that the district court failed to properly consider his rehabilitative needs and potential.

¶ 16　In sentencing Arnett, the district court acknowledged that Arnett had "some levels of success while under [c]ommunity [s]upervision" in the past, and "[t]hat's a positive." The court also recognized the work that Arnett did while in custody in the Behavioral Health Unit. And the court acknowledged Arnett's acceptance into a sober living facility, his "willing[ness] to complete treatment," and his moderate range LSI score indicating that he was a candidate for structured supervision, such as probation.

¶ 17　But the district court also reflected on the serious nature of the crime and the "significant danger to [Dingle] if [Arnett was] not in custody." The court further considered, but ultimately rejected, the imposition of a community-based sentence given the severity of Dingle's injuries, Arnett's high risk to reoffend, and Arnett's comments to the PSIR evaluator that the victim was "lying," which raised questions about his amenability to treatment and victim safety. Although Arnett argues on appeal that his comments quoted in the PSIR were shortly after his arrest, there is no evidence in the record that he disavowed those statements. In balancing

these considerations, as well as Arnett's limited criminal history, the court arrived at a six-year DOC sentence (one year less than the sentence term requested by the prosecution).

¶ 18     Under these circumstances, we cannot say that the district court abused its sentencing discretion. The court expressly considered all evidence presented at the sentencing hearing, including mitigating information about Arnett and his rehabilitative potential. That the court found "aggravating factors to be more compelling than any arguably mitigating factors does not constitute an abuse of discretion or indicate that the [district] court failed to consider evidence of mitigation." *Linares-Guzman*, 195 P.3d at 1137.

## IV.  Conclusion

¶ 19   The sentence is affirmed.

JUDGE HARRIS and JUDGE SCHOCK concur.